**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Donald L. MARTIN, Defendant-Appellant.**

No. 83–5684.

United States Court of Appeals, Sixth Circuit.

Argued May 9, 1984.

Decided March 20, 1985.

T. Woody Smith (argued), Greeneville, Tenn., Carl R. Ogle, Jr. (argued), Jefferson City, Tenn., Charles E. Fraley, Rutledge, Tenn., for defendant-appellant.

John W. Gill, Jr., U.S. Atty., Greeneville, Tenn., Guy Blackwell (argued), Asst. U.S. Atty., for plaintiff-appellee.

Before KENNEDY and JONES, Circuit Judges and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

In our opinion of July 17, 1984, *United States of America v. Martin,* 740 F.2d 1352 (6th Cir.1984), we remanded this case to the District Court to determine whether any members of the jury inadvertently overheard the judge's comment on defendant Martin's guilt, made at a side bar conference. Another District Judge has now conducted that evidentiary hearing and submitted his factual finding that one of the twelve jurors, who participated in the verdict, heard the remark. This juror was seated in the front row of the jury box. The Court found that the remaining jurors did not hear the remark. The District Court also found that the remark had not

been discussed by the jurors during their deliberation.

 Counsel for defendant Martin, as well as counsel for defendant Weems, concede that they were aware at the time the remark was made that it was likely that it had been heard by one or more members of the jury. Yet counsel did not call the problem to the attention of the District Judge. They made no objection and no motion for mistrial, but permitted the case to go to the jury which returned verdicts of guilty.

The error here could have readily been corrected had counsel voiced an objection at the time. A strong cautionary instruction could have been given. Moreover, the jury included two alternate jurors. An immediate inquiry as to whether the jurors heard the remark would have revealed, as did the evidentiary hearing on remand, that only one juror had heard the remark. The juror could easily have been excused and an alternate juror substituted.

It was counsel's obligation to interpose a timely objection. Failure to do so constitutes a waiver of the objection. *United States v. Grosso*, 358 F.2d 154, 158 (3d Cir.1966), *rev'd on other grounds*, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); *United States v. Gersh*, 328 F.2d 460 (2d Cir.), *cert. denied sub nom. Mugnola v. United States*, 377 U.S. 992, 84 S.Ct. 1919, 12 L.Ed.2d 1045 (1964).

 Defendant Martin argues that the court's remark was plain error under Rule 52(b), Federal Rules of Criminal Procedure, which empowers us to consider the error on the merits if it affected the substantial rights of the accused. "The power is discretionary and should be exercised only in those situations in which the failure to do so would result in a manifest miscarriage of justice." *United States v. Grosso*, 358 F.2d at 158. Here the evidence against Martin was overwhelming. Seven coconspirators testified as to the conspiracy and his involvement with it. He himself testified as to his acts in furtherance of the conspiracy. Indeed, he supplied tapes of conversations with other coconspirators.

His defense was that he was compelled to join in the conspiracy by his coconspirator, Larry Weems, who was his attorney for pending state charges, by threats that if he did not he would have to serve additional time on two state charges and his fear that, because of the poor state of his health, he might die in prison. The desire to get out of prison because of ill health is certainly understandable, but is not a legal justification for joining a criminal conspiracy to do so. If his attorney was threatening him with additional time unless he joined the illegal ventures, he could have requested other counsel. In view of the foregoing there is no reasonable likelihood that the judge's remark heard by only one jury member influenced the verdict.

Accordingly, the judgment of the District Court is affirmed.