**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Kenneth M. TEDDER,**
**Defendant-Appellant.**

**No. 84–1131.**

United States Court of Appeals,
Tenth Circuit.

April 4, 1986.

Kenneth M. Tedder, pro se.

Jackie N. Williams, Asst. U.S. Atty., Wichita, Kan. (Benjamin L. Burgess, Jr., U.S. Atty., Wichita, Kan., was also on brief), for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, and LOGAN and SEYMOUR, Circuit Judges.

HOLLOWAY, Chief Judge.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and the record on appeal.

Defendant Kenneth M. Tedder appeals his conviction on two counts of violation of the income tax laws. We affirm his conviction on both counts.

I

Defendant Kenneth M. Tedder was charged in a two count indictment with violations of the income tax laws. Count I charged that during calendar year 1980 Tedder, a resident of Wichita, Kansas, received a gross income of $19,261.35; that, because he received this income, he was required to file with the Internal Revenue Service no later than April 15, 1981 an income tax return listing specifically the items of his gross income and any deductions and credits to which he was entitled; and that he willfully and knowingly failed to file a return for 1980, in violation of 26 U.S.C. § 7203. Count II charged that Tedder supplied his employer, Cessna Aircraft Company, with a fraudulent withholding certificate (form W-4), on which he claimed exemption from withholding when he knew he did not qualify for exempt status, in violation of 26 U.S.C. § 7205. I R. 1-2.

Prior to trial defendant moved to dismiss the indictment on a number of grounds.[1] The trial court, in a carefully reasoned Memorandum and Order, overruled the defendant's motions, I R. 92-100, and defendant appealed the court's denial of several of his motions. This court dismissed Tedder's appeals. *United States v. Tedder*, Crim. Nos. 83-1460 and 83-1515 (10th Cir. Oct. 18, 1983), I R. 182-83.

Prior to trial Tedder moved the court for permission to be represented by lay counsel. The trial court refused this request, but noted that Tedder was proceeding *pro se* and appointed counsel to be available to assist Tedder in the event he desired assistance. I R. 91, 226-27. Trial commenced before a jury on January 4, 1984. On January 11, 1984, the jury returned a verdict of guilty on both counts. I R. 276.

On February 27, 1984, the court sentenced Tedder to one year's imprisonment on Count I and one year's imprisonment on Count II of the indictment, with both sentences to run concurrently. On the condition that Tedder be confined for six months to a jail-type institution, the court suspended the remainder of the sentence on Count I and placed Tedder on three years' probation. The trial judge also suspended Tedder's sentence on Count II and placed Tedder on three years' probation under that count as well, to run concurrently with the probation under Count I. Execution of the six-month period of confinement under Count I was suspended, pending this appeal. I R. 283.

The trial court denied Tedder's application to proceed on appeal *in forma pauperis*. Defendant apparently has not renewed that petition before this court or ordered a transcript of the trial proceedings in accordance with Rule 10(b), Fed.R. App.P. Therefore, the record on appeal contains no transcript of the trial.[2]

---

1. Defendant's grounds for dismissal included the following: (1) misconduct of the prosecuting attorney and the Internal Revenue Service, (2) failure of the IRS to respond to a demand to prove jurisdiction, (3) failure of the IRS to respond to defendant's demand "Am I one required to file?", (4) failure of Congress to enact Title 26 U.S.C. into "positive law," (5) the Sixteenth Amendment does not empower Congress to enforce its provisions so that the statutes under which Tedder was indicted are invalid, (6) the court lacks jurisdiction over the defendant, (7) the requirement that defendant file an income tax return violates defendant's Fifth Amendment privilege not to incriminate himself, (8) the IRS' failure to follow the Privacy Act, and (9) the United States monetary system is unconstitutional.

2. Defendant contends on appeal that the district court denied his application to proceed *in forma pauperis* and that he therefore did not receive a transcript of the lower court proceedings because he "refused to make incriminating statements" and "did not 'swear' under penalties of perjury ...". Appellant's Brief at 4.

## II

Defendant makes the following contentions on appeal: (1) the district court lacked subject matter and personal jurisdiction over him because the Constitution denies the federal government the power to criminalize violations of the Tax Code, Appellant's Brief at 1–2; (2) the IRS fraudulently used a Privacy Act and Paperwork Reduction Act notice to induce Tedder into compliance with the tax laws, *id.* at 3–4; and (3) the trial court denied Tedder his right to counsel when it refused to allow his "next friend" to represent him. *Id.* at 2.

### A. *Appellant's contentions regarding the Government's authority to enact and enforce the income tax laws*

■ Tedder's first contention on appeal is that his conviction must be overturned because the Federal Government lacks the power to enact criminal statutes to enforce the tax code and hence lacks jurisdiction over him because the Constitution "only gave the federal government the authority to define and punish" counterfeiting, piracy and felonies committed on the high seas, offenses against the law of nations, and treason. Appellant's Brief at 2.

The Sixteenth Amendment specifically empowers Congress to enact an income tax. U.S. Const., amend. XVI. Courts have long recognized that Congress' authority under that amendment includes the authority to enact criminal sanctions for violation of the Internal Revenue Code such as those under which appellant stands convicted here. *See, O'Brien v. United States,* 51 F.2d 193, 196 (7th Cir.), *cert.*

denied, 284 U.S. 673, 52 S.Ct. 129, 76 L.Ed. 569 (1931). Federal district courts have original exclusive jurisdiction over all offenses against the laws of the United States, *see* 18 U.S.C. § 3231, including criminal matters arising under Title 26. *United States v. Latham,* 754 F.2d 747, 749 (7th Cir.1985).

■ The gist of appellant's second contention is that the notifications concerning the Privacy Act and the Paperwork Reduction Act which the IRS prints on its tax forms are part of an IRS scheme to defraud taxpayers into paying taxes they are not otherwise obligated to pay.

This argument is without merit as its premise—that the tax system is somehow "voluntary"—is incorrect. Persons who meet the requisite statutory definition are required to pay income taxes.[3] As the district judge pointed out, although Treasury regulations establish voluntary compliance as the general method of income tax collection, Congress gave the Secretary of the Treasury the power to enforce the income tax laws through involuntary collection. *See, e.g.,* 26 U.S.C. §§ 6301 *et seq.* The IRS' efforts to obtain compliance with the tax laws are entirely proper.

We have long rejected arguments such as those appellant makes here for lack of merit. *See, e.g., United States v. Brown,* 600 F.2d 248, 259 (10th Cir.), *cert. denied,* 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172 (1979).

---

Since appellant has provided us with no evidentiary basis on which to evaluate this claim of privilege, he has not properly raised it. *Ueckert v. Commissioner,* 721 F.2d 248, 250 (8th Cir. 1983). We must therefore hold appellant to the requirements of Fed.R.App.P. 10(b) and conclude that, by failing to obtain a copy of the trial transcript, appellant waived any claim concerning the sufficiency of the evidence at trial.

**3.** 26 U.S.C. § 6012 requires "every individual" to file "returns with respect to income taxes under subtitle A ...". 26 U.S.C. § 1 imposes a tax on every individual whose income exceeds the totals set out in the table listed in that section. Further, wages are taxable within the meaning

of the Sixteenth Amendment. *Latham, supra,* 754 F.2d at 750.

To convict appellant, the jury necessarily concluded that appellant was a "taxpayer" within the meaning of the applicable statutes. Since there is no claim the jury was improperly instructed on this issue, appellant cannot attack the jury's finding unless he can show it lacks support in the record. However, since appellant failed to file a transcript of the trial as part of the record on appeal, we are unable to evaluate his claim and must deem it waived. Fed.R. App.P. 10(b). Thus, to the extent appellant's argument rests on the contention he is not a "taxpayer" within the meaning of the applicable statutes, it also lacks merit.

B. *Appellant's right to counsel claim*

Àppellant contends that by denying his request that a lay "next friend" represent him, the trial court denied him his right to use the counsel of his choice. The record indicates that the trial court denied appellant's motion to be represented by his counsel of choice because that lay person was not admitted to practice in federal court and was therefore not qualified. I R. 227. The trial judge appointed standby counsel to assist defendant if he desired it and also noted that appellant had demonstrated by his filing of extensive briefs in the case that he had considerable knowledge of the law of income taxation. I R. 226–27.

Defendant's argument that the trial court denied him his right to counsel lacks merit. "We have consistently held that the Sixth Amendment does not afford an accused the right to be represented by lay counsel." *United States v. Gigax*, 605 F.2d 507, 517 n. 1 (10th Cir.1979); *United States v. Irwin*, 561 F.2d 198, 200 (10th Cir.1977), *cert. denied*, 434 U.S. 1012, 98 S.Ct. 725, 54 L.Ed.2d 755 (1978). The term "counsel" refers to "a person authorized to practice law." *Id.*

AFFIRMED.