803 F.2d 1181
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
James Preston SCIPIO, Appellant.
UNITED STATES of America, Appellee,
v.
James Preston SCIPIO, Appellant.
 Nos. 85-5225(L), 85-5226.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 26, 1986.
Decided Oct. 24, 1986.
 
 James Preston Scipio, appellant pro se.
 Catherine C. Blake, United States Attorney, Peter D. Ward, Assistant United States Attorney, for appellee.
 D.Md.
 AFFIRMED.
 Before RUSSELL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Preston Scipio appeals his conviction on two indictments charging a total of two counts of mail fraud and five counts of wire fraud. Scipio pleaded not guilty on all counts of the two indictments and was tried by juries in separate trials with different co-defendants. Scipio was found guilty on all counts, and a sentence of six years was imposed in each case; the two sentences are to run concurrently, with concurrent five year probation terms following release. This appeal followed.
 
 
 2
 By order of 1 April 1986 this Court denied Scipio's motions for leave to proceed in forma pauperis and appointment of new counsel; we granted Scipio's trial counsel's motion to withdraw appearance at the same time. Scipio has failed to provide this Court with a transcript; he has therefore waived any claim concerning the sufficiency of the evidence at trial. United States v. Tedder, 787 F.2d 540, 541 n. 2 (10th Cir.1986). Though we have examined the exhibits and motions included in the record, it is impossible to review either the sufficiency of the evidence or the adequacy of its presentation without a transcript.
 
 
 3
 Scipio seeks to raise an issue of ineffective assistance of counsel in this direct appeal. This claim would more appropriately be directed to the district court in 28 U.S.C. Sec. 2255 proceedings. United States v. Grandison, 783 F.2d 1152, 1156 (4th Cir.1986).
 
 
 4
 Scipio also claims that "there exists a vast disparity in sentencing" because he received a more harsh sentence than his co-defendants in either trial. Extensive proportionality analysis of sentence is required only in a case involving a life sentence without parole. United States v. Rhodes, 779 F.2d 1019, 1028 (4th Cir.1985), cert. denied, --- U.S. ---, 54 U.S.L.W. 3823 (June 16, 1986). Reviewing courts "should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." Id. (quoting United States v. Solem, 463 U.S. 277, 290 (1983)). We therefore uphold Scipio's sentences as within the discretion of the district court and as appropriate within the limits set by Congress.
 
 
 5
 The judgments of conviction and sentences imposed on each count are affirmed. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 AFFIRMED.