Richard Allen TYREE,
Plaintiff–Appellant.

v.

UNITED STATES of America,
Defendant–Appellee.

No. 89–4096.

United States Court of Appeals,
Tenth Circuit.

Dec. 22, 1989.

Rehearing Denied Jan. 29, 1990.

Richard Allen Tyree, pro se.

Dee Benson, U.S. Atty., and Wayne T. Dance, Asst. U.S. Atty., Salt Lake City, Utah, for defendant-appellee.

Before SEYMOUR, TACHA, and EBEL, Circuit Judges.

SEYMOUR, Circuit Judge.

*Pro se* plaintiff Richard Allen Tyree, an inmate of the Federal Correctional Institution at La Tuna, Texas, appeals from the denial of his motion to set aside the district court's refusal to vacate his sentence under 28 U.S.C. § 2255 (1982). The district court held that Assistant United States Attorney Wayne Dance's representation of the United States in Tyree's criminal case in the District of Utah did not violate Tyree's constitutional rights even though Dance was not at the time a member of the Utah bar. We affirm.[1]

I.

Tyree was convicted and sentenced in federal court in Utah for possession of cocaine with intent to distribute under 21 U.S.C. § 841(a)(1) (1982). During the investigation, trial, and sentencing, the prosecutor responsible for Tyree's case, Wayne Dance, was not a member of the Utah

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

State Bar.[2] Long before Dance's involvement with Tyree's case began, however, Dance had been properly appointed to his post by the Attorney General of the United States pursuant to 28 U.S.C. § 542(a) (1982). On October 5, 1983, also well prior to the commencement of any proceedings against Tyree, the active judges of the District of Utah entered the following order:

> "It is hereby ordered that Assistant United States Attorney Wayne Thomas Dance is admitted to the bar of the United States District Court for the District of Utah pending his admission to the bar of the Supreme Court of the State of Utah."

This order remained in effect throughout Dance's representation of the United States in procuring an indictment against Tyree, and throughout the trial and sentencing proceedings. Dance finally joined the Utah Bar Association in October 1987.

## II.

Tyree argues that Dance's representation of the United States violated his Fifth Amendment right to a fair trial. Throughout the proceedings, Dance was an active member of the bar of the United States District Court for the District of Utah. Even if some irregularity existed in Dance's admission to the federal bar, Tyree has not shown how Dance's work as prosecutor in his case amounted to prejudice affecting the fundamental fairness of his trial. *See, e.g., Bank of Nova Scotia v. United States*, 487 U.S. 250, 108 S.Ct. 2369, 2373, 101 L.Ed.2d 228 (1988) (showing of prejudice necessary to dismiss indictment for prosecutorial misconduct); *United States v. Kornegay*, 885 F.2d 713, 718 (10th Cir.1989) ("The question for resolution is not the culpability of the prosecutor but, rather, the fairness of the trial.").

Tyree also contends that Dance's representation of the United States somehow violated Tyree's Sixth Amendment

right to counsel. The nature of prosecutorial representation does not implicate the Sixth Amendment, which concerns only a criminal defendant's right to self-representation or to representation by counsel. *See Faretta v. California*, 422 U.S. 806, 818–19, 95 S.Ct. 2525, 2532–33, 45 L.Ed.2d 562 (1975); *United States v. Nichols*, 841 F.2d 1485, 1501–03 (10th Cir.1988). Tyree argues that because Dance was not a lawyer, Tyree had a Sixth Amendment right to be represented by a lay person. However, a criminal defendant has no Sixth Amendment right to lay counsel. *See United States v. Tedder*, 787 F.2d 540, 543 (10th Cir.1986) ("The term 'counsel' refers to 'a person authorized to practice law.' ").[3]

We AFFIRM the district court. The mandate shall issue forthwith.

---

**2.** Dance was an inactive member of the California State Bar at the time.

**3.** Tyree claims on appeal that he was denied his constitutional right to equal protection of the law because the Government was permitted to be represented by a lay person but he was not. This claim was not raised below and is, in any event, frivolous.