914 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne R. TUCKER, Defendant-Appellant.
 No. 89-5525.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1990.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges; and JARVIS, District Judge*.
 PER CURIAM.
 
 
 1
 Defendant-appellant Wayne Tucker appeals his jury conviction for failing to file an income tax return and for attempting to evade his personal income taxes. For the following reasons, we affirm.
 
 
 2
 * Tucker was an employee of General Tire from 1982 through 1984 and received sufficient gross income so that he was required to file income tax returns for those years. Tucker, however, did not file returns for 1982 or 1983. In 1982 and 1983, defendant filed withholding allowance certificates (W-4) forms and claimed to be exempt from tax. General Tire subsequently stopped withholding federal income tax. When Tucker filed a similar W-4 in 1984, the Internal Revenue Service (IRS) informed General Tire that Tucker was not entitled to an exemption and that General Tire should resume withholding. Tucker also established an "offshore contractual foreign trust" and began transferring money and property to the trust. Tucker filed a return in 1985 for taxable year 1984 claiming a refund of the amount withheld by General Tire.
 
 
 3
 In November 1988, a federal grand jury in Louisville, Kentucky charged Tucker in a three-count superseding indictment with willfully failing to file an income tax return for 1982, in violation of 26 U.S.C. Sec. 7203, and willfully attempting to evade his personal income taxes during 1983 and 1984, in violation of 26 U.S.C. Sec. 7201. Following a trial by jury, Tucker was convicted on all three counts on February 27, 1989. He appealed on April 21, 1989.
 
 
 4
 Following the indictment, Tucker filed a series of motions which form the basis of this appeal. On December 19, 1988, he filed a motion for a bill of particulars. On January 3, 1989, Tucker filed a motion to "produce any and all jury contact by the government." In January and February 1989, he filed motions to dismiss the indictment for lack of subject matter and personal jurisdiction. On February 21, 1989 Tucker filed a motion to suppress evidence obtained pursuant to third-party summonses. On February 17 and February 21, 1989, Tucker filed motions for a continuance. During the trial, defendant moved to strike the testimony of the government's summary witness. The district court denied these six motions, and defendant appeals the denial of each. Defendant also claims the district court failed to properly instruct the jury on his theory of defense.
 
 II
 
 5
 In challenging the district court's personal and subject matter jurisdiction, Tucker argues that he is not a "person" under 26 U.S.C. Secs. 7201, 7203. Defendant asserts that only the employer's "withholding agent" can be in violation of sections 7201 and 7203. Defendant's contention is without merit. An individual is a "person" under sections 7201 and 7203, and thus, defendant was under an obligation to file returns for the years in question. United States v. Tedder, 787 F.2d 540, 542 (10th Cir.1986); United States v. Studley, 783 F.2d 934, 937 (9th Cir.1986).
 
 III
 
 6
 Tucker argues that the trial judge committed reversible error in not instructing the jury as to his defense that he is not a person under the IRS code. Tucker is correct that it would be error had the trial judge refused to instruct the jury on his theory of defense. United States v. Garner, 529 F.2d 962, 970 (6th Cir.), cert. denied, 426 U.S. 850 (1976). In this case, however, the record reveals that the trial judge went to great lengths to ascertain Tucker's theory. The following colloquy demonstrates the court's efforts to discern the nature of the defense:
 
 
 7
 THE COURT: Mr. Tucker, I'm not sure what your theory of the defense is but I think you're entitled to have me tell the jury what your defense is. I want you to tell me in simple language the theory of your defense. There appears to be some confusion about your theory.
 
 
 8
 MR. TUCKER: Okay. My theory is that--I've got it right here--
 
 
 9
 THE COURT: I had your defendant's theory of the defenses that he did not act willfully because he had reasonably and in good faith believed that his wages paid into a trust were not income for the purpose of the Internal Revenue Code. Is that what you're claiming?
 
 
 10
 MR. TUCKER: No sir. All right. For Count 2 and Count 3 I've been charged with evasion and there must be a willfulness, number 1 and there must be a known existence of a tax deficiency, number 2.
 
 
 11
 THE COURT: All right.
 
 
 12
 MR. TUCKER: And then an affirmative act, confusion or of evasion of the tax and the act of filing a false and fraudulent W-4 form is an affirmative act. A failing, the failing to file a return, failing to file the W-4 and failing to pay the tax are not affirmative as set by [citations omitted]. Now then feel like that the definition of a deficiency must be defined that's within the Internal Revenue Code.
 
 
 13
 THE COURT: Well, would you tell me without trying to tell what the Supreme Court said?
 
 
 14
 MR. TUCKER: Excuse me?
 
 
 15
 THE COURT: What you want me to tell the jury what your defense, the theory of your defense is?
 
 
 16
 You cannot argue the law to the jury. I'm giving them the law in my instruction.
 
 
 17
 MR. TUCKER: I understand those cases.
 
 
 18
 THE COURT: I'd like for you to tell me without quotation of Supreme Court cases or any other cases what your theory of the defense in this case is?
 
 
 19
 MR. TUCKER: Well, lets see. I wasn't able to put on my proper defense and my theory as I was going to testify to, so my sincere belief that forerunner of the mark of the beast is the social security number with regards to that.
 
 
 20
 THE COURT: Are you telling me that you did not willfully fail to file a tax return?
 
 
 21
 MR. TUCKER: That's correct.
 
 
 22
 THE COURT: Shall I charge the jury then that your theory for the defense to count 1 is that you have not willfully failed to file a return?
 
 
 23
 MR. TUCKER: Yes sir.
 
 
 24
 THE COURT: Well, I'll say willful, knowingly file a return.
 
 
 25
 All right. Is there anything else?
 
 
 26
 It is the defendant's theory that the government has not proved that the acts or omissions alleged in the indictment were knowingly and willfully committed, willfully committed and that he did not intend to violate any tax law.
 
 
 27
 Is that fair enough?
 
 
 28
 MR. TUCKER: Fair enough.
 
 
 29
 J.App. at 5-592-94.
 
 
 30
 Tucker failed to object to the jury instructions at the time, therefore, reversal is only required if the trial was "infected with error so 'plain' the trial judge and prosecutor were derelict in countenancing it." United States v. Frady, 456 U.S. 152, 163 (1982). Reviewing the jury instructions, we conclude that the district court adequately stated the law and the theories of both parties, and that the jury instructions should be affirmed. In any event, defendant's jurisdictional argument would not have been a correct statement of the law, so the trial judge would not have been required to deliver it. See United States v. Sassak, 881 F.2d 276, 279 (6th Cir.1989).
 
 IV
 
 31
 Tucker moved for a bill of particulars because he claimed not to know whether he was being prosecuted under the original or superseding indictment, and because he asserts the indictment did not detail the charges with sufficient particularity. The superseding indictment sets forth the dates in question, defendant's taxable income for each year, and the specific allegations and code sections for each of the three counts. A bill of particulars is only necessary "when the indictment itself is too vague and indefinite" to allow the defendant to prepare for trial or to avoid double jeopardy. United States v. Haskins, 345 F.2d 111, 114 (6th Cir.1965). The indictment in this case was sufficiently detailed. Thus, we conclude that district court did not abuse its discretion in denying defendant's request for a bill of particulars.
 
 V
 
 32
 IRS Special Agent James Rafferty issued summonses to third parties in November and December 1985. These third parties were business associates of the defendant who possessed data regarding Tucker's financial transactions. Tucker argues that Special Agent Rafferty did not have authority to issue the summonses without prior approval. The district court overruled the motion to suppress because it agreed with the government that an IRS Delegation Order was in effect at that time which specifically delegated authority to special agents to issue summonses. Tucker now argues that because the Delegation Order and the Treasury Department Order (TDO) delegating authority to the IRS Commissioner were not published in the Federal Register, as required by the Administrative Procedure Act (APA) (5 U.S.C. Sec. 552(a)), evidence obtained under the summonses should be excluded. Section 552(a) of the APA provides:
 
 
 33
 (a) Each agency shall make available to the public information as follows:
 
 
 34
 (1) Each agency shall separately state and currently publish in the Federal Register for the guidance of the public--
 
 
 35
 * * *
 
 
 36
 * * *
 
 
 37
 (B) statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available;
 
 
 38
 (C) rules of procedure, descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;
 
 
 39
 (D) substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency; and
 
 
 40
 (E) each amendment, revision, or repeal of the foregoing.
 
 
 41
 Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published.
 
 
 42
 An internal delegation of authority, such as the conferring on a special agent the power to issue third party summonses, is not a "rule of procedure" or a "substantive rule" within the meaning of section 552(a). As a result, the IRS Delegation Order and the TDO do not need to be published in the Federal Register to be effective. Hogg v. United States, 428 F.2d 274, 280 (6th Cir.), cert. denied, 401 U.S. 910 (1971). Moreover, 26 U.S.C. Sec. 7602(a) expressly authorizes an IRS special agent to issue summonses relating to a potential defendant's business transactions. Couch v. United States, 409 U.S. 322, 326 (1973). Thus, we conclude that the district court did not err in denying defendant's motion to suppress.
 
 VI
 
 43
 Tucker also argues that the district court abused its discretion in denying his two motions for a continuance in order to spend more time preparing for trial. Tucker claims that the district court denied him his fifth amendment due process right and his sixth amendment right to a fair trial.
 
 
 44
 "[T]he constitutionality of a trial judge's refusal to grant a continuance depends on the circumstances of each particular case, evaluated in the light of the judge's traditional discretion to grant or deny such motions." Bennett v. Scroggy, 793 F.2d 772, 774 (6th Cir.1986). The defendant's need for a continuance was essentially so that he could process the large volume of documents he had obtained from the government during discovery. The district court determined that these documents were not relevant to Tucker's defense, and that additional time would not benefit his case. Under questioning from the court, Tucker did not identify how the documents related to his defense, or whether he intended to call further witnesses. Tucker does contend that he has not had adequate time to prepare his case, however, he fails to make a "specific showing of prejudice." United States v. Martin, 740 F.2d 1352, 1361 (6th Cir.1984), cert. denied, 472 U.S. 1029 (1985). Tucker has failed to show "actual prejudice" from the denial of the continuance, thus, the district court acted within its discretion. Id.
 
 VII
 
 45
 Tucker argues that the district court erred in denying his motion to produce any jury contact by the government. The government asserts that the court granted Tucker's motion. We conclude that the district court, in effect, granted Tucker's motion. In response to Tucker's motion, the court stated that "[a]ll parties are now ordered and directed to refrain from contacting any prospective or potential juror in this case. Neither side shall make any effort directly or indirectly to contact any juror. If such contact has been made both sides shall certify that fact to the court." J.App. at 1-14. Tucker failed to object to this ruling.
 
 
 46
 On appeal, Tucker states that he meant to ask for jury panel information relating to tax information on prospective jurors under 26 U.S.C. Sec. 6103(h)(5)[2], citing United States v. Hashimoto, 878 F.2d 1126 (9th Cir.1989). In Hashimoto, the district court denied defendant's pre-trial request for jury panel information under section 6103(h)(5). The Ninth Circuit reversed the defendant's conviction for failure to file a tax return because the district court's failure to honor the defendant's section 6103(h)(5) request, coupled with the inadequate examining of jurors during voir dire, materially prejudiced the defense.
 
 
 47
 We conclude that Hashimoto is not controlling. First, at trial Tucker did not object to the court's handling of his motion. Indeed, Tucker raises the section 6013(h)(5) issue for the first time on appeal. Failure to object at the time results in a waiver of the objection. United States v. Martin, 757 F.2d 770, 771 (6th Cir.), cert. denied, 472 U.S. 1029 (1985). Second, even if it is assumed that Hashimoto applies and that the court did not correctly apply section 6103(h)(5), the district court cured any defects in the voir dire procedure in its questioning of jurors. Hashimoto states that the prejudice resulting from an unreasonable denial of a section 6103(h)(5) request can be overcome by a thorough examination of jurors during voir dire. Hashimoto, 878 F.2d at 1135. In this case, the district court probed the jurors about any past disputes with the IRS, any preconceptions about our system of taxation, prior contacts with the government, or any other grounds for prejudice or bias against the IRS or Tucker. Several jurors were excused on these grounds. Therefore, we conclude that the court's disposition of Tucker's motion to disclose jury contact should be affirmed.
 
 VIII
 
 48
 Tucker also objects to the admission of testimony by the government's summary witness. Tucker argues that both the testimony and the summary exhibits were improperly admitted because they were based on facts not in evidence. The summary witness attended the trial, heard the testimony, and examined the exhibits. Based on this evidence, the summary witness computed Tucker's tax liabilities for 1982, 1983, and 1984. The summary witness also testified that all his conclusions were based on exhibits entered into evidence. In addition, the district court properly instructed the jury on the weight to be accorded the testimony, and the summary witness was available for cross-examination. We conclude that defendant has failed to identify any facts not in evidence which formed the basis of the summary witness' testimony. Therefore, the district court did not abuse its discretion in allowing the testimony. United States v. King, 616 F.2d 1034, 1041 (8th Cir.), cert. denied, 446 U.S. 969 (1980) ("The testimony of a summary witness may be received so long as she bases her summary on evidence received in the case and is available for cross-examination.").
 
 IX
 
 49
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable James H. Jarvis, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [2]
 26 U.S.C. 6103(h)(5) (1988) provides:
 (5) Prospective jurors
 In connection with any judicial proceeding described in paragraph (4) to which the United States is a party, the Secretary shall respond to a written inquiry from an attorney of the Department of Justice (including a United States attorney) involved in such proceeding or any person (or his legal representative) who is a party to such proceeding as to whether an individual who is a prospective juror in such proceeding has or has not been the subject of any audit or other tax investigation by the Internal Revenue Service. The Secretary shall limit such response to an affirmative or negative reply to such inquiry.