917 F.2d 1305
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence TURNAGE, Defendant-Appellant.
 No. 90-5420.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1990.
 
 Before BOYCE F. MARTIN, Jr., RYAN and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 The indictment in this case was the result of a Drug Enforcement Agency ("DEA") sting operation during which Clarence Turnage, Floyd Garr and Fred Griffin allegedly agreed to purchase approximately three kilograms of cocaine from undercover DEA agents in a McDonald's parking lot in Winchester, Kentucky. On September 19, 1989, defendant Garr pled guilty to the charges in the indictment pursuant to an agreement with government attorneys. On November 15, 1989, trial commenced against Turnage and co-defendant Griffin. On November 17, 1989, the jury found Turnage guilty of conspiracy and attempt to possess cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 846 (count one), and use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1) and (2) (count two). Turnage appeals both convictions on various grounds. The jury found Griffin not guilty on all counts. For the reasons stated below, we affirm Turnage's conviction.
 
 A.
 
 2
 Turnage's first argument on appeal is that the district court erred in failing to suppress $8,000 in currency seized from the trunk of his gold Cadillac after it was impounded at the Lexington-Fayette Urban County Metropolitan Police Department. The trial court denied Turnage's motion to suppress, ruling that the $8,000 was seized pursuant to a valid inventory search. At the suppression hearing, Richard Cook, a member of the Drug Task Force of the Lexington-Fayette Urban County Metropolitan Police Department, testified that Turnage's automobile was confiscated from the McDonald's parking lot at the time of his arrest and transported to the Urban County Police Department Headquarters. Cook further testified that he performed an inventory search of the vehicle in accordance with the standard department procedures and found $8,000 in the trunk of the vehicle wrapped in brown paper. Turnage did not offer any evidence to refute Agent Cook's testimony or otherwise establish that the search of his car was not in the ordinary course of police procedures.
 
 
 3
 An inventory search is reasonable when conducted under police procedures in the ordinary course of business. See South Dakota v. Opperman, 428 U.S. 364, 372, 96 S.Ct. 3092 (1976); United States v. Ford, 872 F.2d 1231, 1240 (6th Cir.1989), cert. denied, 109 L.Ed.2d 309 (1990).[1] Because Turnage failed to introduce any evidence to rebut the government's showing that the inventory search was proper, the district court properly denied his motion to suppress.
 
 B.
 
 4
 Turnage also appeals from the district court's denial of his motion for a separate trial from co-defendant Griffin. Normally, co-conspirators are to be tried together absent a showing of severe prejudice. United States v. Dempsey, 733 F.2d 392 (6th Cir.), cert. denied, 469 U.S. 983 (1984). Turnage has made absolutely no showing of prejudice in this case. Further, Turnage's attorney failed to renew his motion for severance at the close of all the evidence at trial. Accordingly, any right to severance, had it existed, has been waived. United States v. Swift, 809 F.2d 320, 323 (6th Cir.1987).
 
 
 5
 Turnage next argues that his conviction should be overturned on the grounds that inadmissible hearsay evidence was admitted at trial through the testimony of co-conspirator Floyd Garr. Generally, a co-conspirator's statements are not considered hearsay. Fed.R.Evid. 801(d)(2)(E). Moreover, Turnage's attorney never objected to Garr's testimony at trial, nor did he seek to have Garr's testimony excluded prior to trial. Accordingly, Turnage's objections to Garr's hearsay statements, if any, are waived. United States v. Martin, 757 F.2d 770 (6th Cir.), cert. denied, 472 U.S. 1029 (1985).
 
 
 6
 Turnage's final argument is that the district court improperly allowed a statement made by Floyd Garr at the time he decided to cooperate with the government to be included in his pre-sentence report. In the statement, Garr indicated that he was familiar with Turnage's son and that he knew the elder Turnage was the 'money man' for the family drug business. Because Turnage did not object to the accuracy of the statement at the pre-sentence hearing, his objection to the pre-sentence report has also been waived. United States v. Causey, 834 F.2d 1277, 1283 (6th Cir.1987), cert. denied, 486 U.S. 1034 (1988) (objections different than those made before the lower court are not preserved for appeal).
 
 AFFIRMED
 
 
 [1]
 The defendant cites Kentucky law for the proposition that evidence seized in the conduct of an inventory search is inadmissible. However, federal law, not Kentucky law, controls the admissibility of such evidence in a federal court proceeding. See United States v. Pforzheimer, 826 F.2d 200, 204 (2d Cir.1987); United States v. Rickus, 737 F.2d 360, 363-64 (3rd Cir.1984)