996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jane OWEN, Plaintiff-Appellant,
v.
SOUTHWEST AIRLINES, Defendant-Appellee.
 No. 92-2176.
 United States Court of Appeals, Tenth Circuit.
 June 18, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 The plaintiff-appellant, Jane Owen, sued Southwest Airlines for injuries she allegedly sustained when another passenger on a Southwest flight opened an overhead storage bin and permitted a briefcase to fall out and strike Owen on the head. The case was tried before the United States District Court for the District of New Mexico in July 1992. Doc. 213 at 1. The jury returned a verdict for the defense. The district court denied the appellant's motion for a new trial. Although Owen was represented by counsel at trial, her counsel withdrew from representing her after her notice of appeal was filed. Continuing her appeal pro se, Owen contends the following errors mandate reversal: (1) the evidence was insufficient to support the jury verdict, (2) the district court did not properly instruct the jury, and (3) the district court erred in permitting Southwest to introduce evidence of her prior insurance fraud conviction in violation of Federal Rule of Evidence 609(c). We find no error and accordingly affirm the judgment.
 
 
 2
 I. SUFFICIENCY OF THE EVIDENCE TO SUPPORT THE VERDICT
 
 
 3
 Owen first contends that the jury's verdict that Southwest was not liable for her injuries was against the weight of the evidence. However, when a jury verdict is challenged on appeal, our review is limited to determining whether the record--viewed in the light most favorable to the prevailing party--contains substantial evidence to support the jury's decision. Comcoa, Inc. v. NEC Telephones, Inc., 931 F.2d 655, 663 (10th Cir.1991). Construing Owen's pleadings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991), we read her brief as alleging that there was not substantial evidence to support the jury's decision. However, we are unable to review this sufficiency claim because Owen failed to include the transcript of the trial in the record on appeal. See Fed.R.App.P. 10(b)(2) (requiring appellant who argues that a finding is unsupported by the evidence to include in the record a transcript of all evidence relevant to such a finding); United States v. Vasquez, 985 F.2d 491, 495 (10th Cir.1993); Deines v. Vermeer Mfg. Co., 969 F.2d 977, 978-80 (10th Cir.1992); Moore v. Subaru of America, 891 F.2d 1445, 1448 (10th Cir.1989); United States v. Tedder, 787 F.2d 540, 541-42 n. 2 (10th Cir.1986) (applying to pro se litigant the rule that failure to provide transcript bars review of evidentiary sufficiency claim). The more than two hundred pretrial, trial, and post-trial documents that she did include in the record unfortunately are of no help on this evidentiary sufficiency issue. We therefore are unable to reverse the jury verdict on this ground.
 
 II. ADEQUACY OF JURY INSTRUCTIONS
 
 4
 Owen next contends that the district court did not properly instruct the jury.[1] She asserts that the court inadequately instructed the jury on two subjects: the applicable negligence standard and the burden of proof at trial. We will address each in turn.
 
 
 5
 As to Owen's first contention, Southwest argues that Owen did not object at trial to the district court's instruction on the negligence standard, and that this was because the court actually used Owen's proposed negligence instruction. Owen does not rebut this argument, nor does she include her proposed jury instruction on the negligence standard in the record. We note that the instruction that the court apparently gave was quite favorable to the plaintiff.[2] Because of the incomplete record, we cannot determine whether Owen objected to the instructions given at trial, or whether in fact her proposed instruction was the instruction ultimately given. Given that Owen has failed to show us where she objected below or even to allege that she objected, we treat this contention as if it were not raised below. "This court will not review instructions given to which no objections were lodged before the jury retired for deliberation unless they are patently plainly erroneous and prejudicial." Zimmerman v. First Fed. Sav. & Loan, 848 F.2d 1047, 1054 (10th Cir.1988) (citations and quotations omitted). We are not able to conclude here that this instruction was plainly erroneous and prejudicial.
 
 
 6
 Second, Owen contends that the court did not instruct the jury on the burden of proof. Again, there is no evidence in the record that Owen objected to court's alleged failure to give an instruction on the burden of proof--probably because the record shows that the court did, in fact, instruct the jury on the burden of proof as follows:
 
 
 7
 The party seeking a recovery or relying upon a defense has the burden of proving every essential element of the claim or defense by the greater weight of the evidence.
 
 
 8
 To prove by the greater weight of the evidence means to establish that something is more likely true than not true. When I say that a party has the burden of proof, I mean that you must be persuaded that what is sought to be proved is more probably true than not true.
 
 
 9
 Evenly balanced evidence is not sufficient.
 
 
 10
 Doc. 219 (Instruction No. 3). In the absence of a transcript, we are unable to conclude that this instruction was in fact not provided. Because Owen does not claim that this instruction was erroneous, we find no error.
 
 III. ADMISSION OF FRAUD CONVICTION
 
 11
 Owen asserts that the district court erred in permitting Southwest to present evidence of her prior insurance fraud conviction.[3] She raised this objection in a motion in limine, asserting that the conviction was inadmissible under Federal Rule of Evidence 609(c)(1).[4] Rule 609(c)(1) provides that a prior conviction otherwise admissible under Rule 609 is not admissible if:
 
 
 12
 the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted, and that person has not been convicted of a subsequent crime which was punishable by death or imprisonment in excess of one year....
 
 
 13
 Owen received an early discharge from her sentence of probation that she was serving for her prior fraud conviction. See Doc. 137, ex. B. She contends that this early discharge is an "equivalent procedure based on a finding of the rehabilitation of the person convicted," and that the conviction was therefore inadmissible under Rule 609(c).
 
 
 14
 Once again, Owen's failure to file a transcript precludes review of the trial court's evidentiary rulings. United States v. Vasquez, 985 F.2d 491, 495 (10th Cir.1993) ("Challenges to the admission of evidence will not be considered by the Court of Appeals in the absence of a record containing those portions of the transcript on which the appellant relies."). We therefore are unable to review her challenge to the admission of her prior insurance fraud conviction.
 
 IV. CONCLUSION
 
 15
 For the foregoing reasons, we AFFIRM the judgment of the district court. The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Owen also contends, apparently in the alternative, that the instructions were read to the jury so softly that they could hardly be heard. However, we again are unable to review this claim, because Owen failed to designate any portion of the trial transcript as part of the record on appeal. We therefore cannot tell whether Owen objected to how quietly the instructions were read (and we note that Owen does not allege that she did object). Nor can we tell whether anything in the transcript supports her claim--for example, a juror asking that the instructions be read more loudly
 
 
 [2]
 The instruction provided:
 To be negligent, plaintiff must show that defendant failed to exercise the utmost care for the safety of passengers. Defendant is liable for any injury to a passenger occasioned by its slightest negligence against which human prudence and foresight should have guarded.
 * * *
 If you find that Southwest Airlines was negligent, and that its negligence was a proximate cause of plaintiff's injuries, but that the immediate cause of Ms. Owen's injuries was the negligent conduct of the unidentified passenger, Southwest Airlines is not relieved of any liability if it realized or in the exercise of the utmost care should have realized that a passenger might act as he did or that the passenger's negligent conduct was a normal consequence of the situation created by Southwest Airlines.
 Doc. 219 (Instructions 9 and 12) (emphasis added).
 
 
 [3]
 Owen also contends that Southwest mentioned her prior insurance fraud conviction during opening statements and stated that at one time she had fifty-two counts of fraud pending against her. However, because the transcript has not been included in the record on appeal, we are unable to determine whether Southwest in fact mentioned the prior conviction during its opening statement and, if so, in what manner. We therefore cannot review this claim
 
 
 [4]
 Owen does not contest the district court's ruling that the conviction was admissible as a crime of dishonesty or false statement under Rule 609(a)(2)