HOWARD LYMAN CAUVEL II, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cauvel v. Commissioner
Docket No. 17338-87
United States Tax Court
T.C. Memo 1989-547; 1989 Tax Ct. Memo LEXIS 545; 58 T.C.M. (CCH) 337; T.C.M. (RIA) 89547; October 10, 1989; As corrected October 12, 1989; As corrected December 21, 1989 Howard Lyman Cauvel II, pro se. Monica J. *546 Miller, for the respondent. SHIELDS
MEMORANDUM OPINION SHIELDS, Judge: This matter is before us at this time on motions by respondent for summary judgment and for damages under section 6673. In a notice of deficiency mailed to petitioner on April 2, 1987, respondent determined the following deficiencies in and additions to petitioner's income taxes: Additions to tax
Section
Section
Section
Section
Year
Deficiency
6653(b)(1) [1]
6653(b)(2)
6654
6661
1982
$ 15,106.00
$ 7,553.00 *   $ 1,471.00
$ 3,777.00
1983
13,878.00
6,939.00 **  852.00
3,470.00
1984
15,790.00
7,895.00 *** 993.00
3,948.00
1985
6,949.00
3,475.00 ****
432.00
1,737.00
After receipt of notice that this case *547 would be called for trial in Tampa, Florida, on November 28, 1988, which notice was accompanied by a copy of our standing pretrial order, petitioner refused to cooperate with respondent's counsel in the preparation of the case. Specifically, petitioner refused to execute a proposed stipulation of facts prepared by respondent even though he admitted that the facts stated therein were true. Consequently, in an order dated October 24, 1988, we directed petitioner to show cause why the facts set forth in the proposed stipulation should not be accepted as established for the purposes of this case. Petitioner did not respond to the order to show cause and an order was entered in which the facts set forth in the proposed stipulation were deemed to be established. The facts deemed to be established include the following: (1) At the time he filed his petition herein, petitioner was a resident of Tampa, Florida. (2) During the years 1982, 1983, 1984, and 1985 and for some time prior thereto, petitioner was a consulting engineer who rendered professional engineering services to several different architects. (3) For each of the calendar years 1962 through 1981 petitioner filed Federal income *548 tax returns. (4) On a joint return which petitioner filed for 1981 for himself and his wife, Martha Belle Cauvel, who had died on January 25, 1982, petitioner reported a net profit from services rendered by him as a consulting engineer totalling $ 22,715.85; interest income from U.S. Treasury bills and bonds totaling $ 10,002.90; and dividends totalling $ 542.74. (5) Petitioner did not file income tax returns for the years 1982, 1983, 1984, and 1985 even though he received income during such years from the same sources as in 1981 in amounts as follows: Sources of Income
Year
Eng. Services
Interest
Dividends
Total
1982
$ 32,090.42
$ 10,003.00
$ 587.00
$ 42,680.42
1983
32,250.40
10,003.00
204.00
42,457.40
1984
36,040.00
10,003.00
--
46,043.00
1985
17,465.40
10,003.00
--
27,468.00
(6) Starting in June of 1984 and prior to mailing his deficiency notice respondent directed numerous inquiries to petitioner seeking information about petitioner's income tax liabilities for 1982 through 1985. A typical response by petitioner to such inquiries was as follows: In response to this inquiry, I object to the *549 form as unauthorized and invalid, because it is lacking an OMB approval number as required under the Paperwork Reduction Act. However, without intending to waive any rights to object later on other jurisdictional grounds, I am returning a copy of the back side of your form with the box checked that is closest to describing my circumstances, as follows: /X/ I am no longer required to file this form The relevant facts are that I am a natural individual and unenfranchised freeman. I have not knowingly requested or exercised any government privilege, nor realized any benefit therefrom. My activities of common right are limited to the sale of properties acquired by gift in which my cost basis approximately equals my receipts from sales, such that I derive no "income". I am providing the foregoing statements of fact in relation to the meaning of Section 6001 of the Internal Revenue Code. Thus I have determined that I am not a person liable for any tax imposed by Title 26, and that I am not and never have been "liable for filing (any) form." (7) Upon receipt of respondent's deficiency notice, petitioner filed a timely petition in which he requested *550 that we find that he is not liable for the deficiencies and additions to tax determined by respondent because the Sixteenth Amendment to the Constitution of the United States was improperly ratified; there is no taxable gain from the receipt of wages or other compensation for personal services because the personal services have a basis equal to the wages or other compensation received in exchange; federal reserve notes are not money because they are not backed by gold; petitioner is exempt from income taxation because he is neither a corporation nor a governmental employee but instead is a natural, private, nonenfranchised individual who accepts no governmental privileges and is an ambassador from the Kingdom of God; and other protester-type arguments which have been universally rejected by the Courts. On October 5, 1988, petitioner lodged with the Court a document entitled Notice of Rescission and Revocation of Petition which was filed and denied as a Motion to Dismiss Petition. In the document it was stated that "petitioner realizes it is a waste of time and effort to attend the Tax Court and will not be present. Petitioner has no records to submit, because none exist or ever *551 have existed, to make any determination of the cost of producing receipts during years in question. * * * Petitioner cannot lawfully sign any agreements with a foreign god such as the United States." When the case was called for trial petitioner failed to appear and respondent filed his motion for summary judgment on all issues and orally moved for damages pursuant to section 6673. Respondent's determination of the deficiencies in petitioner's income taxes for 1982, 1983, 1984, and 1985, as well as his determination of the additions to tax under sections 6654 and 6661 are presumed to be correct and in the absence of any evidence to the contrary must be and are sustained. Rule 142; Grimes v. Commissioner, 82 T.C. 235 (1984), affd. 806 F.2d 1451 (9th Cir. 1986). With respect to the additions to tax for fraud under section 6653(b) respondent has the burden of proving by clear and convincing evidence that some part of an underpayment for each of such years is due to fraudulent acts by petitioner. Sec. 7454(a); Rule 142(b). This burden is met when it is shown by such evidence that the taxpayer intended to evade taxes known to be due by conduct which *552 demonstrates an intention to conceal, mislead or otherwise prevent the collection of such taxes. Rowlee v. Commissioner, 80 T.C. 1111, 1121 (1983); Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Webb v. Commissioner, 394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. Fraud is never presumed. Beaver v. Commissioner, 55 T.C. 85, 92 (1970). Its presence or absence is a factual question to be determined from the entire record. Gajewski v. Commissioner, 67 T.C. 181, 191 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Petitioner's failure to file returns, standing alone, is not proof of fraud. Stoltzfus v. United States, supra.However, his failure to file can be considered with other facts in determining whether the deficiencies are due to fraud. Beaver v. Commissioner, supra, at 93; Hebrank v. Commissioner, 81 T.C. 640, 642 (1983). From this record as a whole, and particularly from the facts deemed to be established, *553 it is apparent that respondent has clearly and convincingly proven, and we so find, that petitioner knew the income earned by him in each of the years 1982 through 1985 was subject to income tax. He also knew that he was required to file an income tax return for each of said years, report his income thereon, and pay the appropriate amount of tax. We are also satisfied that, in spite of such knowledge, petitioner deliberately and with fraudulent intent failed to file the returns and to pay the tax. It is well established that under such circumstances additions to tax for fraud under section 6653(b) are appropriate and therefore respondent's determination to that effect is hereby sustained. Stolzfus v. United States, supra; Rowlee v. Commissioner, supra; Kotmair v. Commissioner, 86 T.C. 1253 (1986). It is also apparent, and we so find, that from his extensive reading prior to 1982 of relevant tax matters which admittedly included numerous cases and a substantial portion of the Internal Revenue Code, petitioner was aware that his alleged religious beliefs and other protester-type arguments had been repeatedly considered and rejected by *554 the Courts and could not serve as a proper basis for avoiding damages under section 6673. The imposition of such damages is proper where we find that a petition has been filed or maintained in this Court primarily for delay or that the position asserted in a petition is frivolous or groundless. Abrams v. Commissioner, 82 T.C. 403, 413 (1984). While we are normally reluctant to award damages under section 6673 in fraud cases, the record in this case establishes that petitioner has had no interest in disputing either the deficiencies or additions to tax determined by respondent. On this record we are convinced that petitioner's position is not only frivolous and groundless but his petition was filed and maintained in this Court primarily for delay. Accordingly, respondent's motion for damages is granted and damages in the amount of $ 5,000 are awarded to the United States under section 6673. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. * 50% of interest due on $ 15,106.00 ** 50% of interest due on $ 13,878.00 *** 50% of interest due on $ 15,790.00 **** 50% of interest due on $ 6,949.00↩