DARIUS SCHOTT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schott v. Commissioner
Docket No. 27400-88
United States Tax Court
T.C. Memo 1991-457; 1991 Tax Ct. Memo LEXIS 506; 62 T.C.M. (CCH) 766; T.C.M. (RIA) 91457; September 19, 1991, Filed *506 Darius Schott, pro se. J. Michal Nathan, for the respondent. SWIFT, Judge. SWIFT
MEMORANDUM OPINION This matter is before us on cross-motions for summary judgment under Rule 121. [1]
In notices of deficiency and in an amended answer, respondent determined deficiencies in petitioner's 1983, 1984, and 1985 Federal income tax liabilities and additions to tax as follows: Additions to Tax, Secs.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
1983
$   716
$   179
$ 36
*
--
1984
3,864
966
194
*
$ 243
1985
6,412
1,603
321
*
368
*507 Respondent also moves for the imposition of a penalty under section 6673(a)(1)(A) and (B). Petitioner raises only various tax protester-type issues. During the years in issue, and at the time he filed his petition, petitioner resided in Las Vegas, Nevada. During 1983, 1984, and 1985, petitioner worked as a craps dealer at Binion's Horseshoe Hotel and Casino (Horseshoe) in Las Vegas. Petitioner received a salary from the Horseshoe and tips from gamblers. Petitioner received additional compensatory payments from several other sources (namely, Massachusetts Indemnity and Life Insurance Co., Inc. (Mass), Bob Stupak, Inc. (Stupak), and Vegas World). Petitioner also received unemployment compensation. The record does not reflect further specifics about the nature of the compensation petitioner received from Mass, Stupak, and Vegas World. Petitioner did not maintain any records of the amount of tips he received during 1983, 1984, or 1985, nor did petitioner or his wife file Federal income tax returns for the years in issue. Respondent treated the salary, the tips, the compensatory payments, and the unemployment compensation mentioned above as income to petitioner. Respondent *508 estimated the amount of tips petitioner received each year using statistical data on average tips received by casino dealers. The following schedule reflects the amount of salary, tips, compensatory payments, and unemployment compensation that respondent determined petitioner received during the years in issue: Year
Source
Amount
Total
1983
Horseshoe
$ 1,026
Mass
1,377
Unemployment
4,636
Tips
1,104
$ 8,143
1984
Horseshoe
$ 9,231
Mass
52
Stupak
931
Tips
10,623
$ 20,837
1985
Horseshoe
$ 13,070
Vegas World
150
Tips
15,155
$ 28,375
Respondent determined that petitioner had total taxable income as follows: $ 4,932 for 1983, $ 9,214 for 1984, and $ 12,180 for 1985. Petitioner does not challenge under any traditional legal theory the taxable nature or amount of the income charged to him by respondent. As indicated, petitioner raises only various tax protester-type arguments. Petitioner claims that he should not be required to file Federal income tax returns because he was not the object of a "government granted privilege." Petitioner's claim is meritless. Olson v. United States, 760 F.2d 1003, 1005 (9th Cir. 1985). *509 Petitioner claims that respondent has no authority to determine deficiencies using "dummy returns." When taxpayers fail to file tax returns, however, respondent has authority to prepare returns for them. Sec. 6020(b)(1). Moreover, respondent is not required to prepare returns in order to assess tax deficiencies for taxpayers who have not filed returns. Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir. 1988); Hartman v. Commissioner, 65 T.C. 542, 545-546 (1975). See Laing v. United States, 423 U.S. 161, 174, 46 L. Ed. 2d 416, 96 S. Ct. 473 (1976). Petitioner claims that the U.S. Treasury Department has not issued required Treasury Department Orders (TDO's) delegating to respondent authority to issue notices of deficiency and therefore that respondent has no authority to issue notices of deficiency to petitioner. Under section 6212 and sections 301.6212-1, 301.6861-1, and 301.7701-9, Proced. & Admin. Regs., however, respondent's service center directors and district directors are authorized to issue notices of deficiency to taxpayers. Stamos v. Commissioner, 95 T.C. 624, 629 (1990); Estate of Brimm v. Commissioner, 70 T.C. 15, 19-20 (1978); *510 Urban v. Commissioner, T.C. Memo 1991-220. Petitioner claims that the delegation of authority to issue notices of deficiency must be published in the Federal Register. In Stamos v. Commissioner, supra at 634, we concluded that section 4 of the Administrative Procedure Act, 5 U.S.C. sec. 553 (1988), requires only "substantive" rules to meet the notice, comment, and publication requirements of that statute, adding that "'Interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice' are excepted from this provision." The delegation of authority to respondent's service center directors and district directors to issue notices of deficiency is not substantive and therefore is not covered by the publication requirements of the Administrative Procedure Act. Stamos v. Commissioner, supra at 635; Wolf v. Commissioner, T.C. Memo 1991-212; Powers v. Commissioner, T.C. Memo 1990-623. Petitioner claims that respondent's notices of deficiency issued to him were invalid under the Paperwork Reduction Act of 1980 (PRA), 44 U.S.C. secs. 3501-3520 *511 (1988). In general, the PRA requires the U.S. Office of Management and Budget (OMB) to approve information collection requests made by Federal agencies, and requires information collection requests to display current OMB control numbers. 44 U.S.C. sec. 3507(f) (1988). The PRA defines information collection requests as -- a written report form, application form, schedule, questionnaire, reporting or recordkeeping requirement, collection of information requirement, or other similar method calling for the collection of information. [44 U.S.C. sec. 3502(11) (1988).]
Before 1990, courts generally held that tax forms were exempt from the provisions of the PRA under 44 U.S.C. section 3518(c)(1)(B)(ii) (1988), which exempts administrative actions against or investigations of specific individuals or entities. Cameron v. Commissioner, 593 F. Supp. 1540, 1556 (N.D. Ind. 1984), affd. 773 F.2d 126 (7th Cir. 1985). See also United States v. Tedder, 787 F.2d 540, 542 (10th Cir. 1986); Cauvel v. Commissioner, T.C. Memo 1989-547; Snyder v. Internal Revenue Service, 596 F. Supp. 240, 250 (N.D. Ind. 1984). *512 Petitioner, however, relies on Dole v. United Steelworkers of America, 494 U.S. 26, 108 L. Ed. 2d 23, 110 S. Ct. 929, (1990), in which the Supreme Court, in dicta, made a general statement that some tax forms may fall under the requirements of the PRA. Relying on Dole v. United Steelworkers of America, supra, petitioner contends that respondent's Federal income tax returns and the regulations regarding filing requirements are invalid under the PRA because they lacked OMB control numbers and expiration dates. Since 1981, however, Federal income tax returns have contained OMB control numbers. Also, in United States v. Collins, 920 F.2d 619, 631 (10th Cir. 1990), the Tenth Circuit held that the failure to list expiration dates does not exempt taxpayers from complying with Government regulatory requirements. Further, in United States v. Wunder, 919 F.2d 34 (6th Cir. 1990), the Sixth Circuit rejected a taxpayer's contention that the regulations requiring taxpayers to file returns were invalid under the PRA. Respondent's issuance of notices of deficiency does not call for the collection of information from taxpayers. 44 U.S.C. sec. *513 3502(11) (1988). Such notices merely give taxpayers notice that respondent has determined deficiencies regarding their Federal income tax liabilities. The courts have consistently held that Federal tax forms that do not request information from taxpayers are not subject to the requirements of the PRA. For example, courts have held that Federal income tax instruction booklets are not subject to the requirements of the PRA. Currier v. Commissioner, T.C. Memo 1991-194; United States v. Crocker, 753 F. Supp. 1209, 1214-1216 (D. Del. 1991). We reject petitioner's arguments relying on the requirements of the PRA. Dole v. United Steelworkers of America, supra, does not require a contrary result. We hold that the notices of deficiency respondent issued to petitioner for 1983, 1984, and 1985 were valid, and we sustain the tax deficiencies and additions to tax determined therein. Lastly, we address whether we should impose against petitioner a penalty under section 6673. Section 6673(a)(1)(A) and (B) allows the Court to impose a penalty of up to $ 25,000 when it appears that a taxpayer instituted the proceeding primarily *514 for delay or if the taxpayer's position is frivolous or groundless. On the record before us and in our discretion, we decline to impose a penalty under section 6673. For the reasons stated, petitioner's motion for summary judgment will be denied, and respondent's motion for summary judgment will be granted. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 as in effect for the years in issue.↩
*. 50 percent of the interest due on the portion of the underpayment attributable to negligence.↩