**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ronald E. LATHAM,**
**Defendant-Appellant.**

No. 83–2686.

United States Court of Appeals,
Seventh Circuit.

Argued June 1, 1984.
Decided Feb. 4, 1985.

Thomas J. Scorza, Asst. U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Andrew B. Spiegel, Chicago, Ill., for defendant-appellant.

Before CUMMINGS, Chief Judge, COFFEY, Circuit Judge and CAMPBELL, Senior District Judge.*

COFFEY, Circuit Judge.

The defendant, Ronald E. Latham, appeals his conviction for willful failure to file income tax returns and for filing false W-4 statements in violation of 26 U.S.C. §§ 7203 and 7205, respectively. We affirm.

## I.

On December 13, 1982, the defendant was charged in a six-count indictment with failure to file income tax returns for the calendar years 1980 and 1981, in violation of 26 U.S.C. § 7203, and with filing false W-4 statements on four separate occasions during the years 1980, 1981, and 1982, in violation of 26 U.S.C. § 7205. The defendant was convicted by a jury on all counts and sentenced by the district court to two concurrent one-year terms to be followed by a five-year probationary period; however, the sentence was stayed pending this appeal.

On appeal, Latham challenges his conviction on five grounds. He claims that (1) the district court lacked jurisdiction over his prosecution under 18 U.S.C. § 3231 since jurisdiction under that statute is limited to offenses defined in Title 18 only; (2) the special grand jury that indicted him exceeded its authority since it was empowered to investigate organized crime activities only; (3) the district court erred when it improperly instructed the jury and abused its discretion when it refused the theory of law he proffered as a defense instruction; (4) the district court abused its discretion in excluding certain evidence offered by the defendant; and (5) his rights under the Speedy Trial Act were violated, 18 U.S.C. § 3161 *et seq.*

## II.

### A. Issues controlled by Koliboski.

■ The first three issues raised by the defendant relating to jurisdiction, grand jury powers, and the jury instructions, are controlled by our recent decision in *United States v. Koliboski*, 732 F.2d 1328 (7th Cir.1984). The defendant in *Koliboski* was indicted on similar charges by the same grand jury that indicted this defendant. As in this case, Koliboski argued that the district court was without subject matter jurisdiction under 18 U.S.C. § 3231. We rejected Koliboski's claim as "silly," holding that Title 26 violations are offenses against the laws of the United States and thus are clearly within federal district court jurisdiction under § 3231.[1] *Id.* at 1329. Thus, the defendant's claim of lack of jurisdiction is similarly dismissed as meritless.

■ *Koliboski* further resolves Latham's claim that a special grand jury can investigate only organized crime activities. In *Koliboski* we held that special grand juries are not restricted in their scope to investigating organized crime only. *Id.* at 1330 ("Special grand juries have broad investigative powers. Section 3332(a) directs these grand juries to 'inquire into offenses against the criminal laws of the United States alleged to have been committed within that district.' ... The legislative

---

* The Honorable William J. Campbell, United States Senior District Judge for the Northern District of Illinois, is sitting by designation.

1. 18 U.S.C. § 3231 provides:
   "The district court of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.
   "Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."

history confirms the breadth of the general mandate bestowed by this section. These grand juries are not restricted to investigating only organized crime activities."). Thus, based upon our holding in *Koliboski* the special grand jury which indicted Latham did not exceed its authority.

■ The *Koliboski* decision also disposes of two of Latham's other claims with regard to improper jury instructions. Latham contends that the district court improperly refused his instruction defining "income" as distinct from "gross income." This instruction was intended to enforce his claim that he in good faith believed that wages are not income for taxation purposes. As we stated in *Koliboski*, a claim of this nature is without merit. *Id.* at 1329 n. 1. Latham's wages *were* and are income; thus, his proposed jury instruction was a misstatement of the law and the district court properly refused to adopt the same in the instructions.

■ Latham argues also that the district court erred in refusing to instruct the jury that in order for a violation of the tax laws to be "willful" the violation must be the product of a "bad purpose." The district court's instruction correctly paraphrased the "voluntary, intentional violation of a known legal obligation" jury instruction that we approved in *Koliboski* and *United States v. Moore*, 627 F.2d 830 (7th Cir. 1980). The Supreme Court in *United States v. Pomponio*, 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976), held this instruction to be the proper definition of willfulness in a prosecution for violations of the Tax Code. No further "bad purpose" instruction is required. *See Koliboski*, 732 F.2d at 1331 n. 2.

■ The other jury instructions proffered by the defendant are equally inane.

Thus we hold that the district court did not err in refusing the other instruction offered by Latham implying that 26 U.S.C. § 7343 defining "person" does not include natural persons.[2] Similarly, Latham's instruction which indicated that under 26 U.S.C. § 3401(c) the category of "employee" does not include privately employed wage earners is a preposterous reading of the statute. It is obvious that within the context of both statutes the word "includes" is a term of enlargement not of limitation, and the reference to certain entities or categories is not intended to exclude all others.

■ Latham also contends that the court erred in refusing to instruct the jury that an assessment under 26 U.S.C. § 6201 is a legal necessity before an individual can have an income tax liability. Latham's theory is that if there was no assessment, there can be no income tax liability and thus he cannot be found to have filed false W–4 forms since there was no tax liability in the preceding year. But an assessment under § 6201 is an administrative determination that a certain amount is currently due and owing as a tax with consequences somewhat similar to the reduction of a claim to judgment. *Cohen v. Gross*, 316 F.2d 521, 522–23 (3d Cir.1963). The exempt status requirement of a tax liability in the preceding year does not support Latham's novel and ridiculous theory that there must have been an *IRS* determination in that year of tax due on income earned when (as here) the taxpayer failed to file a return. Latham cannot place himself in the exempt category in 1981 simply by failing to file a return in 1980.

■ Finally, Latham alleges that by failing to present his "theory of defense" instructions to the jury the district court committed reversible error.[3] This claim is

2. "The statute's provision was not intended to exclude individual[s] or to limit the ordinary meaning of the term 'person' so as to exclude individuals or 'natural persons' ... from their responsibility to comply with the tax laws." *United States v. Rice*, 659 F.2d 524, 528 (5th Cir.1981).

3. His "theory of defense" instructions were based upon (1) Latham's testimony that he personally believed he had incurred no income tax liability for the years 1979 through 1982, and (2) his reliance upon so-called constitutional "tax experts" as a defense to the charge of willful failure to file a tax return.

likewise without merit. The judge's instructions to the jury are to embody a proper statement of the relevant law, not a continuation of counsel's closing argument. Our reading of the record convinces us that the district court's jury instructions were proper as to the relevant defenses. Latham's theory of defense instructions were nothing more than a summary of the evidence he presented at trial relating to his defenses and were properly refused.

## B. Exclusion of evidence.

Latham also claims that the district court's evidentiary rulings, denying the admission of certain defense evidence, deprived him of a fair trial because the court failed to apply "the same standard of relevance to Latham as it did to the government." Defendant's brief at 21. Because the district court allowed the prosecution to offer into evidence income tax returns which Latham had filed in 1976, 1977, and 1978, in order that they might establish that he acted willfully in 1980, 1981, and 1982, Latham argues that fairness required the district court also to admit all the exhibits he offered in evidence. These exhibits consisted of the complete text of various writings, as well as letters Latham received from the attorney for the Belanco religious order, a legal defense fund for tax protesters that Latham had joined. Latham claimed he had relied upon the exhibits in arriving at his misunderstanding of his duties under the Tax Code.

A district court has broad discretion when assessing the admissibility of proffered evidence and we may reverse its rulings only after we are convinced that the court abused its discretion. *United States v. Brown*, 688 F.2d 1112, 1115 (7th Cir.1982). While Latham properly states that the same standard of relevance must be applied to both parties (*United States v. Parker*, 447 F.2d 826 (7th Cir.1971)), our examination of the excluded exhibits and the trial record in the instant case convinces us that the same standard of relevance *was* uniformly and equally applied to both

Latham's and the government's proffered evidence.

As to the letters Latham received from the Belanco religious group attorney, the district court properly noted that the letters were received *subsequent* to Latham's indictment by the grand jury, and thus were irrelevant as to the questions of notice and willfulness. On the other hand, Latham's earlier tax forms preceded the dates of his violations and thus were relevant in determining Latham's intent in failing to file tax returns for the years 1980 and 1981.

As to the excluded writings, the trial judge admitted into evidence only those portions of the writings that Latham quoted during his testimony since those were the portions that specifically addressed claiming exempt status on W–4 forms and the taxpayer's duty to file tax returns—the relevant issues at trial. Latham's contention that the complete text of each book had to be admitted because he relied on everything in the books in formulating his state of mind is without merit since the excluded portions of the text concern general criticisms of the tax system, including questions as to its constitutionality. As this court has continually noted, a good faith disagreement with the tax laws or a good faith belief that they are unconstitutional are not defenses. *See, e.g., United States v. Moore*, 627 F.2d 830, 833 n. 1 (7th Cir.1980). Because portions of these texts contained only general criticisms of the Tax Code and did not relate to the charges facing the defendant, they were by definition irrelevant to the case at bar. Moreover, the trial judge has broad discretionary powers and, thus, may exclude exhibits of slight probative value where, as here, they might very well have confused or misled the jury. *See* Fed.R. Civ.P. Rule 403. Thus, allowing the trial court the wide latitude of discretion proper to a determination of relevancy, we hold that the court did not abuse its discretion in excluding the entire texts from consideration by the jury.

## C. Speedy Trial.

The only meritorious argument presented by the petitioner concerns his assertion that the Speedy Trial Act was violated. The Speedy Trial Act allows 70 days to elapse between the date of arraignment and the date of trial, in addition to the time that is excluded from the computation of delay under 18 U.S.C. § 3161(h). Needless to say, the Speedy Trial Act was inartfully drafted and, thus, has confronted our circuit and others with perplexing problems in its interpretations and application. The issue presented in this case is whether § 3161(h)(1)(J) and (F) should be read together to provide a 30-day maximum exclusion from the 30-day limit where more than one pre-trial motion is filed by the defendant.

The defendant contends that since his trial did not commence within the time required in the Speedy Trial Act this case must be dismissed. He first appeared in court on December 21, 1982 and his trial began on July 12, 1983, 203 days later. Under the defendant's calculation, subtracting out the excludable time, the total non-excludable days to trial were 92. The government makes the same calculation; however, it arrives at a total of 48 non-excludable days to trial, well within the 70-day limit.

▇▇ Although there is a disagreement between the parties as to the number of days to be excluded between the time of arraignment on December 21, 1982 and the date of filing the first set of pre-trial motions on January 10, 1983,[4] the determina-

tive period is the 68 days from March 11, 1983, the date on which the final briefs were filed on Latham's 8 pre-trial motions, to May 18, 1983, the date when the final disposition of the motions by the trial court was made. Latham argues that under 18 U.S.C. § 3161(h)(1)(J) only 30 of those 68 days are excludable:

"(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment may be filed, or in computing the time within which the trial of any offense must commence:

(1) any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
. . .

(J) delay reasonably attributable to any period, not to exceed 30 days, during which any proceeding concerning the defendant is actually under advisement by the court."

The government, however, contends that subsection (J) does not limit the period of advisement to 30 days where there are multiple motions. It argues that the controlling section of § 3161 is subsection (1)(F):

"(F) Delay resulting from any pre-trial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion."

Thus, the government argues that the 30-day limit of subsection (J) does not apply to subsection (F) and the entire 68 days used

---

4. Recently, this court decided that the time allowed by the district court for preparation of motions and briefs is excludable under the Act when the district court judge has set a specific date for the preparation and submission of pre-trial motions. *See United States v. Tibboel,* 753 F.2d 608, at 610–11 (7th Cir.1985). In this case, the district court ordered all motions to be filed by January 4, 1983. Latham filed his motions on January 10, 1983. Consequently, the district court extended the government's response time to January 20th and Latham's reply time to January 31st. Thus, the time period between December 22, 1982 and January 10, 1983 is excludable along with the briefing period from January 10th to January 31st. Latham also filed two motions on February 18th, the day of his status hearing. The district court allowed Latham two weeks to file his briefs; at Latham's request this period was extended to March 11, 1983. Therefore, the period from February 18th to March 11th is also excludable. The days that are definitely not excludable are the 23 days from May 19, 1983 to June 10, 1983, and 11 days from June 13, 1983 to June 24, 1983. The parties agree the three days between June 10th and June 13th are excludable due to the defendant filing a severance motion. The remaining 15 days from June 24, 1983 to July 12, 1983 are excludable due to the defendant's request for a continuance to accomodate his counsel's trial schedule.

by the trial court in considering and deciding defendant's motions is excludable time. We hold that the government's calculation under the Speedy Trial Act is the proper one and, thus, we affirm the decision of the district court denying the defendant's motion to dismiss.

Recently this court addressed the issue of the calculation of time under the Speedy Trial Act where a defendant had filed multiple motions prior to trial. *See United States v. Tibboel,* 653 F.2d 608 (7th Cir. 1985). We concluded that the 30-day limit in subsection (J) did not control subsection (F); rather, the governing standard was one of "reasonable promptness." *Id.* at 611–12 *citing United States v. Regilio,* 669 F.2d 1169, 1172–73 (7th Cir.1981) (multiple pre-motions filed at same time) and *United States v. Brim,* 630 F.2d 1307, 1313 (8th Cir.1980) (multiple motions filed at different times prior to trial). In fact, we noted that there is less justification for applying the 30-day limit where multiple motions are filed at different times prior to trial. *Id.* at 611.[5]

In this case, the defendant filed two separate sets of motions with the court; one set (consisting of six motions) was filed on January 10th with briefing completed by January 31st, while two other motions were filed on February 18th with briefing completed on March 11th. The parties in this case argue that the determinative period is the 68 days from the completion of all briefing on March 11th to the date the district court decided all the motions on May 18th. Accepting these 68 days as the determinative period, if 30 days is considered to be a reasonable amount of time to decide one motion (*see United States v. Janik,* 723 F.2d 537, 543–44 (7th Cir.1983)

where this court held that subsection (J)'s 30-day limit controls subsection (F) when *one* pre-trial motion is filed), then an additional 38 days to decide the eight motions in this case is both reasonable and proper.[6]

Since we hold that the defendant's trial began within the 70 non-excludable days, the Speedy Trial Act was not violated. The decision of the district court is affirmed.

---

5. Judge Posner stated: *"Brim* is an easier case than this for recognizing an exception to the 30-day requirement because the pre-trial motions had not been filed all at once, but instead seriatim, and for all that appears the last motion was decided within 30 days of its being filed.... It would be unreasonable to require judges to rule on a pre-trial motion within one day just because a previous motion had been filed with him 29 days earlier and not yet decided." *Tibboel,* 753 F.2d 608, at 64.

6. Even if we would consider February 1st as the day in which to begin counting for purposes of determining a reasonable exclusionary period under subsection (F), the additional 18 days, from February 1st to the 18th, would not change the results. The period from February 18th to March 11th would not be considered since this was additional motion and briefing time allowed by the district court. *See supra,* n. 4 and *Tibboel,* 753 F.2d 608, at 610–11.