T.C. Memo. 2008-272

UNITED STATES TAX COURT

HOWARD & REBECCA PATE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10006-07.                    Filed December 9, 2008.

Howard and Rebecca Pate, pro sese.

Randall Durfee and Gordon Sanz, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined deficiencies of $16,339 and $19,409 in petitioners' Federal income taxes for 2003 and 2004, respectively.  Respondent also determined penalties under section 6662(a) of $3,267.80 and $3,881.80 for 2003 and 2004, respectively.  The issues for decision are:  (1) Whether the Pate Association and Pate Joint Venture are disregarded for Federal

tax purposes and their income for the years in issue is attributed to petitioners; (2) whether petitioners are liable for self-employment tax; (3) whether petitioners are entitled to any deductions beyond those conceded by respondent; and (4) whether petitioners are liable for the penalties under section 6662(a). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Petitioners resided in Texas at the time that they filed their petition. During 2003 and 2004, petitioner Howard W. Pate (Mr. Pate) conducted a business as a pipeline inspector and consultant. Mr. Pate worked exclusively for Anadarko Petroleum Corp. or its affiliate, Anadarko Gathering Co. (Anadarko). Anadarko reported nonemployee compensation on Forms 1099-MISC, Miscellaneous Income, that it issued to Mr. Pate for those years. The amounts received by Mr. Pate and reported as nonemployee compensation were $98,200 for 2003 and $107,065 for 2004.

During 2003 and 2004, Rebecca Pate (Ms. Pate) was employed full time as a school teacher for the Bryan Independent School District in Bryan, Texas. Petitioners had two young children living at home during the years in issue.

Petitioners owned approximately 52 acres of land in Bryan, Texas. By the end of 2004, petitioners maintained no more than 30 cows on the property. They did not sell any cows or calves during 2003 or 2004. Petitioners did not maintain books and records of their cattle activity or any record showing profit and loss from that activity. Mr. Pate was away from home on business much of the time, leaving Ms. Pate and their children to feed the cattle. Petitioners' cattle activity was not conducted in a businesslike manner and was not operated with an actual and honest profit objective.

Petitioners filed Forms 1040, U.S. Individual Income Tax Return, for 2003 and 2004. The amounts paid to Mr. Pate in relation to his business, $98,200 for 2003 and $107,065 for 2004, were initially set out as gross income on Schedules C, Profit or Loss From Business. Petitioners, however, reduced these gross income amounts to zero by claiming "other expenses" of equal amounts. Petitioners supposedly validated these Schedule C expenses by noting that the business was "pass thru" and a "Form 1099 issued to above taxpayer ID# are properly reported" for 2003 "on Schedule E, page 2. Joint Venture" and for 2004 "on Form 1120 S". The gross income set out on each Schedule C was therefore not included in the computation of taxable income.

The 2003 Schedule E, Supplemental Income and Loss, reflected a much smaller amount of income, $49,820, than that set out on

Schedule C, $98,200. Petitioners reported that this income had been earned by the "Pate Joint Venture". Petitioners filed the 2004 Form 1120S, U.S. Income Tax Return for an S Corporation, for a so-called Pate Association that used the same address as petitioners' residence. The Form 1120S reported gross receipts of $107,289, claimed cost of goods sold of $15,594 and business deductions of $63,959, and reported net business income of $27,736.

The Pate Association and Pate Joint Venture were concepts that, in Mr. Pate's words, "put all of our stuff under one and so we could file everything as one to make it easy for us to file our income tax." Mr. Pate did not know whether the Pate Association and Pate Joint Venture were one and the same or two separate entities. These two concepts, which had no purpose other than to reduce petitioners' Federal income taxes, had been suggested by Richard Ohendalski, a certified public accountant (C.P.A.) associated with the Legacy Group. Employees of the Legacy Group prepared petitioners' income tax returns for 2003 and 2004.

As a result of the manner in which their Federal income tax returns for 2003 and 2004 were prepared, petitioners failed to report self-employment tax due on Mr. Pate's business profit. In addition, deductions claimed as business deductions included personal expenses and other nondeductible items. The amounts and

the nature of the specific items claimed were not disclosed on petitioners' returns.

During an audit of their Federal income tax returns for 2003 and 2004, petitioners presented various receipts and schedules to support deductible business expenses.  Only the following amounts were substantiated to the satisfaction of respondent:

| Year | Description | Amount |
| --- | --- | --- |
| 2003 | Repairs | $309 |
|  | Utilities and phone | 1,809 |
|  | Automobile | 18,948 |
|  | Dues & fees | 216 |
|  | Legal/accounting | 425 |
| 2004 | Automobile | 21,890 |
|  | Telephone | 904 |

OPINION

A taxpayer has the right to elect a business form to minimize or altogether avoid the incidence of taxation by any means that the law permits.  See Gregory v. Helvering, 293 U.S. 465, 469 (1935).  While a taxpayer is free to adopt a corporate or partnership form of doing business, the entity must have been organized for a substantial business purpose or actually engage in substantive income-producing activity in order to be recognized as a separate taxable entity.  See Commissioner v. Culbertson, 337 U.S. 733, 743 (1949); Moline Props., Inc. v. Commissioner, 319 U.S. 436, 439 (1943).  The Government, however, is not required to simply accept a taxpayer's election of business form where that form is unreal.  Higgins v. Smith, 308

U.S. 473, 477 (1940). Instead, the Government should disregard such an entity, as any other result would allow the schemes of the taxpayer to supersede the law. Id.

Mr. Pate testified and petitioners do not deny that they adopted their tax-reporting methodology solely for tax reasons. The so-called Pate Association and Pate Joint Venture had no business purpose. They merely supported a methodology designed to avoid reporting and paying Federal income tax and self-employment tax on Mr. Pate's earnings during the years in issue and to allow the amounts and the nature of particular expenses to be concealed. Petitioners could not provide credible evidence that the Pate Association and Pate Joint Venture were viable entities separate from petitioners for Federal tax purposes. Because these "entities" have no economic substance and separate legal existence, the income in issue is attributed to petitioners and subject to Federal income tax.

With respect to their liability for self-employment taxes, petitioners' brief asserts the following frivolous position:

> Self-employment tax
> In the notice of deficiency respondent seeks to assert self-employment tax. Self-employment taxes are imposed only upon the operations of a "trade or business". "Trade or business" is defined in the Internal Revenue Code as "...the performance of the functions of a public office." See IRC 7701(a)(26). Self-employment tax also depends upon the definition of "trade or business" as in IRC 162. IRC section 162 makes no changes to the code wide definition in section 7701 as applies to petitioner.

Section 7701(a)(26) provides that, for purposes of the Internal Revenue Code, "The term `trade or business' includes the performance of the functions of a public office." Frivolous arguments based on converting the term "includes" in a section of title 26 to "includes only" have been soundly rejected. See United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987); United States v. Latham, 754 F.2d 747, 750 (7th Cir. 1985). Petitioners' argument is patently fallacious and deserves no further consideration. See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). Petitioners are liable for self-employment tax on the net income of Mr. Pate's business as a pipeline inspector and consultant. See generally secs. 1401(a), 1402(b); sec. 1.1402(a)-1, Income Tax Regs.

Although copies of various receipts and schedules were marked as exhibits at trial, petitioners did not provide any testimony or otherwise explain the amounts claimed as deductions that were not substantiated to the satisfaction of respondent. Respondent did not stipulate that the exhibits established that petitioners incurred expenses in the conduct of the trade or business or with the intention of making a profit or that they reflected ordinary and necessary business expenses. The documents are not self-proving and, to the extent that they are legible, include many items that are not deductible. They are not reliable evidence of deductibility. It is impossible to tell

from the record which items supported the deductions respondent agreed to.

The parties dispute whether petitioners' cattle activity was engaged in for profit and whether expenses related to it would be deductible under section 162.  Petitioners' brief makes several factual arguments that are not supported by the evidence.  The limited evidence in the record is to the effect that petitioners did not conduct the activity in a manner demonstrating an actual and honest profit objective.  See sec. 1.183-2(a), Income Tax Regs.  We need not conduct a detailed analysis of the factors, however, because petitioners have not identified or explained on their tax returns or during their testimony the items in dispute that they claim related to the cattle activity.  Petitioners have not presented any testimony or evidence that they are entitled to deductions beyond those respondent conceded, and they have failed to satisfy their burden of proving that they are entitled to deductions.  See sec. 7491(a)(2); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 6662(a) provides a penalty in an amount equal to 20 percent of the portion of an underpayment which is attributable to various factors, including negligence, disregard of rules or regulations, or any substantial understatement of income tax. See sec. 6662(b)(1) and (2).  Respondent has the burden of

production with respect to any penalty.  See sec. 7491(c).  The

evidence produced establishes erroneous tax return reporting and

improper deductions resulting in a substantial understatement of

income tax.

Although petitioners claim to have relied upon the advice of

a C.P.A. in adopting their filing methodology, they did not

present evidence of what information they gave the return

preparers or what advice the accountant gave them before filing

the returns for the years in issue.  See Neonatology Associates,

P.A. v. Commissioner, 115 T.C. 43, 100 (2000), affd. 299 F.3d 221

(3d Cir. 2002).  They have failed to identify any reasonable

basis for the methodology or any other ground for reducing the

understatement of tax subject to the penalty.  See sec.

6662(d)(2)(B).  The penalties are appropriate and will be

sustained.

We have considered the other arguments of the parties, and

they are either without merit or need not be addressed in view of

our resolution of the issues.

To reflect respondent's concessions,

Decision will be entered

under Rule 155.