T.C. Memo. 2010-244

UNITED STATES TAX COURT

GREGORY Q. TEETERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24853-08.                      Filed November 8, 2010.

Gregory Q. Teeters, pro se.

<u>John M. Wall</u>, for respondent.

MEMORANDUM OPINION

HALPERN, <u>Judge</u>:  Respondent determined deficiencies in, and additions to, petitioner's Federal income tax for 2002, 2003, and 2005.  Unless otherwise stated, section references are to the Internal Revenue Code in effect for the years in issue.  We round all dollar amounts to the nearest dollar.  The amounts respondent determined are as follows:

|  | | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(2) | Sec. 6654 | Sec. 6651(f) |
| 2002 | $6,100 | $1,525 | $204 | $4,423 |
| 2003 | 10,140 | 2,484 | 262 | 7,352 |
| 2005 | 12,071 | 1,161 | 360 | 6,731 |

At trial, petitioner conceded the deficiencies (the result of unreported income) and the additions to tax under sections 6651(a)(2) and 6654. (In section I of this report, we shall discuss the effect of petitioner's denial on brief that he had any "unreported income".) We need decide only whether petitioner is liable for the additions to tax under section 6651(f) for the fraudulent failure to file tax returns for the years in issue. We find that he is liable for those additions.[1]

## Background

Some facts are stipulated and are so found. The three stipulations of facts, with accompanying exhibits, are incorporated herein by this reference. When he filed the petition, petitioner lived in California.

In all 3 years in issue, petitioner worked for Golden Gate Bridge Highway and Transportation District (Golden Gate). In 2002, he also worked for MV Transportation, Inc. (MV Transportation), and Urban Park Concessionaires (Urban Park).

---

[1]In the alternative, respondent argues that petitioner is liable for additions to tax under sec. 6651(a) for failure to file tax returns. Because we find petitioner liable for the additions under sec. 6651(f), we need not address that issue.

2002

Petitioner submitted Forms W-4, Employee's Withholding Allowance Certificate, to Golden Gate, MV Transportation, and Urban Park reporting that he was exempt from withholding for 2002 because he expected to have no Federal tax liability for 2002 and had a right to a refund of all Federal income tax withheld for 2001 because he had no Federal tax liability for 2001.  Golden Gate issued petitioner a Form W-2, Wage and Tax Statement, reporting that, for 2002, Golden Gate paid petitioner $38,317 and did not withhold any Federal income tax from that amount. Petitioner also received wages of $3,336 and $1,961 from MV Transportation and Urban Park, respectively.

2003

Petitioner submitted a Form W-4 to Golden Gate reporting that he was exempt from withholding for 2003 because he expected to have no Federal tax liability for 2003 and had a right to a refund of all Federal income tax withheld for 2002 because he had no Federal tax liability for 2002.  Golden Gate issued petitioner a Form W-2 reporting that, for 2003, Golden Gate paid petitioner $58,909 and did not withhold any Federal income tax from that amount.

2005

Petitioner submitted a Form W-4 to Golden Gate reporting that he was exempt from withholding for 2005 because he expected to have no Federal tax liability for 2005 and had a right to a refund of all Federal income tax withheld for 2004 because he had no Federal tax liability for 2004.  Golden Gate issued petitioner a Form W-2 reporting that, for 2005, Golden Gate paid petitioner $62,540 and withheld Federal income tax of $2,787 from that amount.  Golden Gate withheld Federal income tax from petitioner's wages because, in the fall of 2005, respondent had directed Golden Gate to disregard petitioner's Forms W-4 and to withhold at the highest rate.  In response, in October, petitioner submitted to Golden Gate a "sworn affidavit" stating that Golden Gate would "'not be required to deduct and withhold any tax'" from his wages if he provided Golden Gate with the "certified statement contained in this affidavit."  When Golden Gate refused to stop withholding, petitioner submitted a new Form W-4 signed and dated December 31, 2005, not reporting that he was exempt but rather claiming 10 withholding allowances.  Petitioner was not entitled to 10 allowances.

Petitioner's Tax Returns

In September 2005, respondent mailed petitioner two letters requesting that petitioner file his 2002 and 2003 Federal income tax returns.  On October 27, 2005, respondent received

petitioner's Form 1040, U.S. Individual Income Tax Return, for 2002 signed and dated October 25, 2005 (the 2002 return).  On that return, petitioner reported $34 of interest income, $154 of taxable refunds,[2] and zero wages.  That return also reported zero Federal income tax withheld and zero total Federal income tax.  Petitioner attached to the 2002 return three Forms 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for Golden Gate, MV Transportation, and Urban Park, each signed and dated October 25, 2005.  Those Forms 4852 all listed zero wages.  On each Form 4852, petitioner stated that, although he had requested a Form W-2c, Statement of Corrected Income and Tax Amounts,

> the company refuses to issue forms correctly listing payments of 'wages' as defined in [sections] 3401(a) and 3121(a) for fear of IRS retaliation.  The amounts listed as withheld on the [Form] W-2 it submitted are correct, however.

Respondent did not file the 2002 return and did not accept it as a valid return.

On November 17, 2005, respondent received petitioner's Form 1040 for 2003 signed and dated November 15, 2005 (the 2003 return).  On that return, petitioner reported $103 of interest

---

[2]Petitioner incorrectly reported dividend income as a taxable refund.  The mistake was most likely inadvertent:  On Form 1040 a taxpayer reports "Ordinary dividends" and "Taxable refunds" on consecutive lines.

income, $306 of dividend income, $1,850 of unemployment compensation, and zero wages. That return also reported zero Federal income tax withheld, zero total Federal income tax, $4,507 of Social Security tax withheld, and a claimed refund of $4,507. Petitioner attached to the 2003 return a Form 4852 for Golden Gate listing zero wages signed and dated November 15, 2005. That Form 4852 had the same statement regarding "'wages'" as the Forms 4852 attached to the 2002 return. Respondent did not file the 2003 return and did not accept it as a valid return.

On February 28, 2006, respondent mailed a letter to petitioner regarding the 2002 and 2003 returns. In part, that letter stated:

> We have determined that the information you sent is frivolous and your position has no basis in law. * * * If you intend to persist in making such arguments, we encourage you to seek advice from a reputable tax practitioner or attorney.

On March 9, 2006, petitioner replied to respondent's letter. Petitioner's letter stated:

> You do not claim that my Returns for 2002 and 2003 are frivolous. You state that the information I sent is frivolous. I have no contradictory information in the above returns, which is my testimony, signed under penalties of perjury, and to the best of my knowledge and belief, is true, correct, and complete. * * *
>
>      *      *      *      *      *      *      *
>
> * * * I did not claim that "income" is exempt from tax, nor that "wages" are not "income". What I reported was that, as a private sector worker, some of my pay was not "wages" as defined in IRC Sec. 3401(a) and IRC Sec.

3121(a). Also that I was not an "employee" as defined in IRC Sec. 3401(c).

On May 4, 2006, respondent received petitioner's Form 1040 for 2005 signed and dated April 15, 2006 (the 2005 return). On that return petitioner reported $538 of interest income, $2,400 of capital gain, and zero wages. That return also reported zero total Federal income tax, $2,787 of Federal income tax withheld, $4,784 of Social Security tax withheld, and a claimed refund of $7,572. Petitioner attached to the 2005 return a Form 4852 for Golden Gate listing zero wages signed and dated April 11, 2006. That Form 4852 had the same statement regarding "'wages'" as the Forms 4852 attached to the 2002 and 2003 returns. Respondent did not file the 2005 return and did not accept it as a valid return.

On January 22, 2007, respondent mailed a letter to petitioner with respect to his 2005 return. In substance, that letter was identical to the letter respondent sent petitioner regarding the 2002 and 2003 returns. On January 27, 2007, petitioner replied to respondent's letter about his 2005 return. The letter, titled "An Affidavit", stated:

From 1995 to 2007:

I have not been an "employee" (as defined in 26 U.S.C. § 3401(c)) * * * who earned "wages" (as defined in 26 U.S.C. § 3401(a)) that were paid to me by an "employer" (as defined in 26 U.S.C. § 3401(d)). I have not been in a "trade or business["] (as defined in 26 U.S.C. § 7701(a)(26)).

I have not been in the "employment" (as defined in 26 U.S.C. § 3121(b)) of an "American employer" (as defined

in 26 U.S.C. § 3121(h)) * * * [and have not] earned "wages" (as defined in 26 U.S.C. § 3121(a)) [therefrom].

## Discussion

### I. Petitioner's Concession

At trial, petitioner conceded the deficiencies and the additions to tax under sections 6651(a)(2) and 6654 for all years. On brief, however, petitioner states that he "did not concede that he had unreported income * * * in 2002, 2003, and 2005". Petitioner, however, cannot disavow his concession at trial. See Church of Scientology v. Commissioner, 83 T.C. 381, 524 (1984) ("[a] concession in open court * * * [is] the equivalent of a stipulation"), affd. 823 F.2d 1310 (9th Cir. 1987). Moreover, even if we allowed petitioner to disavow his concession, he would still not prevail. Nowhere does petitioner argue about facts; nowhere does he deny that his employers paid him for his services. Rather, petitioner relies on legal arguments to show that the money he received from his employers did not constitute taxable income. Because his arguments (which we discuss below) are frivolous, petitioner would not prevail even had he challenged the deficiencies.

### II. Fraudulent Failure To File

#### A. Introduction

Section 6651(f) provides an addition to tax of up to 75 percent of the amount required to be shown as tax on an unfiled

return if the failure to file the return was fraudulent.
Petitioner stipulated that he failed to file timely returns and
that the returns he did file were invalid.  Respondent bears the
burden of proving fraud, and he must carry that burden by clear
and convincing evidence.  See sec. 7454(a).  "Fraud is
established by proving that a taxpayer intended to evade tax
believed to be owing by conduct intended to conceal, mislead, or
otherwise prevent the collection of such tax."  Clayton v.
Commissioner, 102 T.C. 632, 647 (1994).  We find that respondent
has carried his burden; therefore, petitioner is liable for the
section 6651(f) additions.

    B.  Evidence of Fraud

    When a taxpayer's failure to file tax returns is predicated
on frivolous arguments and when the Commissioner has shown
substantial amounts of unreported income on which withholding has
been reduced or prevented by the submission of false Forms W-4,
we have repeatedly held that fraud has been established by clear
and convincing evidence.  See Clayton v. Commissioner, supra at
652-653 (the Court considers the same elements to determine the
fraudulent failure to file addition under section 6651(f) as the
Court did to determine the fraud penalty under former section
6653(b) (present section 6663)); Castillo v. Commissioner, 84
T.C. 405, 410 (1985) (determining fraud penalty under former sec.
6653(b)).

### 1. Failure To Report Substantial Income

The record reflects that petitioner failed to report substantial income--i.e., all his wages--during the years in issue. Indeed, petitioner does not deny that he failed to report substantial remuneration for his services; he denies only that he received income from wages.

### 2. Submission of False Forms W-4

In all 3 years in issue, petitioner filed Forms W-4 claiming that he was exempt from Federal income tax, and, in 2005, petitioner filed a Form W-4 claiming 10 withholding allowances when he knew he was not so entitled. Notwithstanding petitioner's purported belief that he is exempt from tax, filing false Forms W-4 is inexcusable. See Rowlee v. Commissioner, 80 T.C. 1111, 1125 (1983). Petitioner effectively conceded that the Form W-4 claiming 10 withholding allowances was fraudulent; the other Forms W-4 were fraudulent because petitioner relied on frivolous arguments in claiming to be exempt from Federal income tax. See id. (filing "false certificates claiming an excessive number of exemptions or claiming that the taxpayer is exempt from income tax is evidence of fraud").

### 3. Assertion of Frivolous Arguments

To support his objection to the deficiencies and additions to tax, petitioner relies predominantly on a single frivolous legal argument; viz, that he did not receive wages under section

3401(a).  Petitioner is wrong.  The companies that issued him Forms W-2 were his employers under section 3401(d) and he was their employee under section 3401(c).  Thus, the remuneration those companies paid him for his services was wages under section 3401(a).  Those provisions are clear on their face.  See, e.g., United States v. Latham, 754 F.2d 747, 750 (7th Cir. 1985) (the argument that "under 26 U.S.C. § 3401(c) the category of 'employee' does not include privately employed wage earners is a preposterous reading of the statute").  Moreover, petitioner received several letters from respondent explaining that his position was frivolous and suggesting that he seek advice.  At trial, although petitioner acknowledged that seeking advice would have been reasonable, he conceded that he did not do so.  Instead, petitioner persisted in advancing the same frivolous argument.  We find that petitioner did not have a good faith misunderstanding of the law.  Petitioner timely filed Federal income tax returns for 1990, 1991, 1992, 1993, 1994, 1995, 1997, and 1998.  Petitioner knew of his legal duty and sought to avoid it.  Petitioner has no defense to the fraud additions.  See Niedringhaus v. Commissioner, 99 T.C. 202, 217-218 (1992).

C.  Conclusion

We find that respondent has established fraud for all the years in issue by clear and convincing evidence.  Petitioner is

liable for the fraudulent failure to file addition under section 6651(f) for 2002, 2003, and 2005.

III.  <u>Conclusion</u>

Petitioner is liable for the deficiencies and additions to tax that respondent determined.

<u>Decision will be entered</u>

<u>for respondent</u>.