T.C. Memo. 2011-30

UNITED STATES TAX COURT

ROBERT MICHAEL BURCHFIELD AND PAMELA O. BURCHFIELD, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16676-09.            Filed February 1, 2011.

Robert Michael Burchfield and Pamela O. Burchfield, pro se.

<u>Jeanne Gramling</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, <u>Judge</u>:  The Commissioner of Internal Revenue
issued a notice of deficiency to the Burchfields determining a
deficiency in income tax for 2006 and various additions to tax.
The Burchfields contend that they are exempt from federal income
tax because they work for private-sector employers, Wachovia Bank
and Carolinas Healthcare System.  We find that the Burchfields

are liable for the deficiency in income tax, the addition to tax for failure to file a timely income tax return, and the addition to tax for failure to make estimated tax payments.  In addition, we impose a $5,000 penalty on them for making frivolous arguments and instituting this litigation as a delaying tactic.

### FINDINGS OF FACT

Michael Burchfield was an employee of Wachovia Bank.  He earned $110,782 in wages during 2006.  Wachovia Bank withheld $2,555.93 from his wages for federal income tax.  His wife, Pamela Burchfield, was an employee of Carolinas Healthcare System.  She earned $1,965 in wages during 2006.  She also earned $65 in dividend income from First Clearing and received a $17,000 individual retirement account (IRA) distribution from American Skandia Life Assurance Co.  Information returns the payors filed with the IRS reflected that the Burchfields received these amounts (with the exception that there is no information return in the record regarding the $65 dividend from First Clearing).

On February 2, 2009, the IRS received from the Burchfields a copy of a Form 1040, U.S Individual Income Tax Return, for the tax year 2006 dated November 14, 2006.  On the Form 1040, the Burchfields reported zero wage income and minor amounts of other types of income ($271 in interest income, and $515.33 in refunds) and claimed itemized deductions of $23,335.18.

On April 15, 2009, the Commissioner issued a notice of deficiency to the Burchfields determining a deficiency of $21,343, a late-filing addition to tax of $4,227.30, an addition to tax for failure to pay tax shown on a return, and an estimated-tax addition to tax of $875.70. A Form 4549, Income Tax Examination Changes, attached to the notice of deficiency explained that the $21,343 tax liability was calculated from a taxable income of $112,912. The $112,912 was equal to: $65 of dividends + $17,000 from an IRA distribution + $1,965 of secondary wages + $110,782 of wages - a $10,300 standard deduction - $6,600 of exemptions. The form stated that the Burchfields should be credited $2,555.00 in prepayments.

The Burchfields filed a petition in the Tax Court challenging the deficiency notice. In the petition, the Burchfields claim that they "completed" a return for the year 2006 on November 11, 2006. Their petition contains a series of bogus legal arguments. The Burchfields were residents of North Carolina when they filed the petition.

In the answer respondent conceded that the Burchfields were not liable for the penalty for failure to pay tax shown on a return. Respondent contended that the late-filing addition to tax of section 6651(a)(1)[1] should be applied at a rate of 5

---

[1]Unless otherwise indicated, all section references are to
(continued...)

percent per month, instead of the 4.5 percent rate used in the notice of deficiency.  See sec. 6651(c)(1).  As calculated in the answer, the addition to tax was $4,697.00; i.e., 25 percent of the difference between the deficiency of $21,343.00 and prepaid credits of $2,555.00.

At the trial, the Burchfields regaled the Court with their frivolous legal arguments.  The Commissioner filed a motion for penalty under section 6673.  The Burchfields filed a response that they had prepared before trial.

## OPINION

### I.  Deficiency

The first issue for decision is whether the Burchfields are liable for a deficiency of $21,343.  The taxpayer generally bears the burden of proving that the Commissioner's determination set forth in a notice of deficiency is incorrect.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, if the taxpayer introduces credible evidence and meets other requirements with respect to a factual issue affecting the taxpayer's liability for tax the Commissioner has the burden of proof with respect to the issue.  Sec. 7491(a)(1).  The

---

[1](...continued)
the Internal Revenue Code of 1986, as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Burchfields have not presented credible evidence that any of the adjustments that produced the deficiency of $21,343 were incorrect. Thus, the Burchfields bear the burden of proof.[2] The Burchfields have failed to carry the burden. They have produced no evidence that they did not earn the income the IRS says they earned. Instead, they advance a phalanx of bogus legal arguments. They argue that we have jurisdiction to determine only the rate of tax; that the refusal of the IRS to answer questions from the Burchfields constituted an admission that the Burchfields were not liable for tax; that the Burchfields are citizens of the "several States"; that the Constitution prohibits the federal government from collecting tax except through the states; that the word "income" is limited to income from federally licensed occupations, to dividends, and to other things, but does not include the earnings of employees of the "private sector"; that the IRS cannot issue a deficiency notice

_____

[2]The Court of Appeals for the Ninth Circuit in Weimerskirch v. Commissioner, 596 F.2d 358, 360 (9th Cir. 1979), revg. 67 T.C. 672 (1977), held that for the Commissioner to prevail in a case involving unreported income, there must be some evidentiary foundation linking the taxpayer to the alleged income-providing activity. The Weimerskirch opinion has been cited by the Fourth Circuit. Williams v. Commissioner, 999 F.2d 760, 764 (1993), affg. T.C. Memo. 1992-153. The Commissioner did not provide any evidence that Pamela Burchfield was linked to the $65 dividend that it alleges she received from First Clearing. This failure does not matter. The Burchfields did not, in their petition, challenge the IRS's determination that Pamela Burchfield earned $65 in dividend income. They have therefore waived that issue. See Rule 34(b)(4).

without making an assessment; and that their 2006 Form 1040 must be presumed correct because it is not apparent from its face that it is frivolous. None of these arguments have merit. See, e.g., United States v. Latham, 754 F.2d 747, 750 (7th Cir. 1985) (the argument that "under 26 U.S.C. § 3401(c) the category of 'employee' does not include privately employed wage earners is a preposterous reading of the statute"). The Burchfields are liable for the deficiency determined by the Commissioner.

II. Section 6651(a)(1) Addition to Tax

The second issue for decision is whether the Burchfields are liable for a late-filing addition to tax of $4,697. The Commissioner bears the burden of production with respect to this addition to tax and the estimated-tax addition to tax discussed later. See sec. 7491(c). If the Commissioner produces evidence demonstrating that the taxpayer is liable for an addition to tax, the taxpayer must provide the Court with sufficient evidence to convince the Court that the Commissioner's determination is incorrect. Higbee v. Commissioner, 116 T.C. 438, 447 (2001).[3] With regard to certain defenses that the taxpayer can assert in response, such as that the taxpayer had reasonable cause for not

---

[3]The Commissioner has the burden of proof in respect of any new matter pleaded in the answer. Rule 142(a)(1). The increase in the sec. 6651(a)(1) addition to tax from $4,227.30 in the deficiency notice to $4,697 in the answer does not involve a disputed issue of fact. It is a computation arising from the concession of the sec. 6651(a)(2) addition to tax.

filing the return, it is the taxpayer's responsibility to raise the defense, and the burden of proof concerning it is on the taxpayer.  Id. at 446.

We find that the Commissioner has produced evidence showing that the Burchfields are liable for a late-filing addition to tax of $4,697.  Section 6651(a)(1) imposes an addition to tax for failure to file a return by the filing deadline (as extended), unless such failure is due to reasonable cause and not due to willful neglect.  The amount of this addition to tax is 5 percent of the net amount required to be shown as tax on the return for each month the failure to file continues, not to exceed 25 percent in the aggregate.  Sec. 6651(a)(1), (b)(1).  The 2006 tax return was due April 15, 2007, and the IRS transcript of accounts does not show the deadline was extended.  Mr. Burchfield claimed that he sent the Form 1040 to the IRS on March 22, 2008.  This was too late.  By then the Burchfields were liable for the full 25-percent amount.  The Commissioner has produced sufficient evidence that the Burchfields are liable for the addition to tax. The Burchfields have not demonstrated that they are not liable for the addition to tax.  We find that they are liable for the section 6651(a)(1) addition to tax for the 2006 tax year.

III.  Section 6654 Addition to Tax

The third issue is whether the Burchfields are liable

for an estimated-tax addition to tax of $875.70 for the 2006 tax year.  The record demonstrates that the Burchfields failed to make the four installments of the "required annual payment" required by section 6654.  The required annual payment for a tax year is 90 percent of the tax liability for the year if the taxpayer has not filed a return for the year and for the preceding year.  Sec. 6654(d)(1)(B).  The Burchfields' Form 1040 for 2006 was not a valid return.  It is mainly a list of zero entries, not a genuine attempt to report the Burchfields' tax liability.  Furthermore, it was accompanied by Forms 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, Etc., that contradicted the accuracy of the Forms W-2, Wage and Tax Statement, issued to the Burchfields by their employers and did not give any specific explanation for the discrepancy.  Such a Form 1040 is not a valid return.  See Cabirac v. Commissioner, 120 T.C. 163, 169-170 (2003); Ulloa v. Commissioner, T.C. Memo. 2010-68.  The Form 1040 for 2005 was similar, as Mr. Burchfield testified.  It, too, was not a valid return.  The Burchfields are liable for the addition to tax for failure to pay estimated tax.

IV.  Section 6673 Penalty

The fourth issue for decision is whether the Burchfields are liable for a penalty under section 6673.  Section 6673(a)(1)

authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in Tax Court proceedings or instituted the proceedings primarily for delay.  The Burchfields took numerous legal positions that were frivolous and groundless. We believe they instituted and maintained these proceedings primarily for delay.  In view of the abuse of this Court's resources in these proceedings, we hold the Burchfields liable for a $5,000 penalty.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.