**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0156n.06

No. 10-1726

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Feb 08, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| PETER HENDRICKSON, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BOGGS and WHITE, Circuit Judges; BERTELSMAN, District Judge.[*]

Per Curiam.

Peter Hendrickson appeals the district court's judgment of conviction and sentence. We affirm his convictions, vacate his sentences, and remand for resentencing.

A jury found Hendrickson guilty of ten counts of filing a false document in violation of 26 U.S.C. § 7206(1). The documents in question were various tax documents filed with the Internal Revenue Service in which Hendrickson claimed that he received no wages for several years. The district court determined that Hendrickson's base offense level was 16 and, after adding two levels for obstruction of justice, that his total offense level was 18. Based on the total offense level of 18 and a criminal history category of I, the district court determined that Hendrickson's guidelines range

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

of imprisonment was 27 to 33 months for each count. The court sentenced him to concurrent prison terms of 33 months for each count.

Hendrickson's counsel filed a brief, asserting several challenges to Hendrickson's convictions and sentence. Hendrickson was allowed to file a supplemental brief, expanding on counsel's claims and raising additional claims. Jerry P. McNeil, Hendrickson's putative "next friend," filed a motion to intervene, arguing that Hendrickson's conviction and sentence are unlawful. This motion was never ruled on.

Hendrickson first argues that the district court violated his confrontation rights by admitting into evidence tax-related documents and court documents containing hearsay statements that his earnings during the relevant years constituted taxable wages. Hendrickson further argues that the district court erred by allowing the prosecutor to cross-examine him concerning a prior civil judgment against him. We review de novo challenges based on the Confrontation Clause. *United States v. Boyd*, 640 F.3d 657, 665 (6th Cir.), *cert. denied* 132 S. Ct. 271 (2011). The district court's admission of the documents did not violate Hendrickson's confrontation rights because the documents, even if testimonial, were admissible because they were used only to show that Hendrickson was on notice that his interpretation of tax law concerning wages had been rejected and that his refusal to comply with the law was therefore willful, not to show that Hendrickson's earnings constituted taxable wages. *See United States v. Henderson*, 626 F.3d 326, 334 (6th Cir. 2010). The district court did not commit plain error by allowing the cross-examination, *see United States v. Zidell*, 323 F.3d 412, 425 (6th Cir. 2003), because the details of the prior civil case contradicted Hendrickson's claim that no court had told him that his interpretation of tax law was incorrect.

Hendrickson next argues that the district court gave erroneous jury instructions concerning the willfulness requirement of his offenses and the relevant definitions of "wages" and "employee." We review de novo disputes regarding jury instructions. *United States v. Gunter*, 551 F.3d 472, 484 (6th Cir. 2009). The district court properly defined both "wages" and "employee," rejecting Hendrickson's claim that the term "employee" includes only the persons listed in 26 U.S.C. § 3401(c). *See* 26 U.S.C. § 3401(a), (c); *Sullivan v. United States*, 788 F.2d 813, 815 (1st Cir. 1986); *United States v. Latham*, 754 F.2d 747, 750 (7th Cir. 1985). The district court also properly instructed the jury that it should consider Hendrickson's subjective state of mind when determining whether he acted willfully. *See United States v. Abboud*, 438 F.3d 554, 581 (6th Cir. 2006).

Hendrickson next argues that the district court erred by refusing the jury's request to view the text of 26 U.S.C. §§ 3121 and 3401. Because Hendrickson did not raise this objection at trial, we review the claim for plain error only. *See United States v. Ham*, 628 F.3d 801, 804 (6th Cir. 2011). The district court permitted Hendrickson to discuss his understanding of the statutes, he read an excerpt of one of them into evidence, and he was not prevented from reading additional excerpts into evidence. Further, Hendrickson made no attempt to introduce the text of the statutes into evidence. Under the circumstances, the district court did not plainly err by refusing the jury's request for the materials. *See United States v. Middleton*, 246 F.3d 825, 838-39 (6th Cir. 2001).

Hendrickson next argues that there was insufficient evidence to support his convictions because the evidence demonstrated that he believed the tax forms were accurate and the prosecution failed to prove that any misstatement on the forms was material. When reviewing sufficiency-of-the-evidence claims, we must determine "whether, after viewing the evidence in the light most favorable

to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The prosecution presented evidence that Hendrickson received remuneration during the years in question and that he had reported similar payments as taxable wages in previous years. Based on that evidence, a rational juror could have concluded that Hendrickson was aware that his earnings constituted taxable wages and that his tax forms asserting to the contrary were knowingly false. Further, "[i]n a prosecution under § 7206(1), any failure to report income is material." *United States v. Tarwater*, 308 F.3d 494, 505 (6th Cir. 2002) (internal quotation marks omitted).

Hendrickson next argues that the district court erred in calculating tax loss for purposes of USSG § 2T1.1 because it included interest and penalties in its calculation and because the prosecution failed to present admissible evidence showing that Hendrickson received taxable wages during the years in question. Hendrickson further argues that the district court improperly applied the sentence enhancement under USSG § 3C1.1 for obstruction of justice. When reviewing a sentence enhancement, we review factual determinations for clear error, the determination that certain conduct constitutes obstruction of justice de novo, and the imposition of the enhancement de novo. *United States v. Boring*, 557 F.3d 707, 712 (6th Cir. 2009). The district court did not include interest and penalties in its tax-loss calculation and, as noted above, the prosecution presented sufficient evidence to demonstrate that Hendrickson received taxable wages. To the extent that Hendrickson's counsel raises additional arguments concerning the tax-loss calculation for the first time in the reply brief, those arguments are deemed waived. *See United States v. Kalymon*, 541 F.3d 624, 632 (6th Cir. 2008).

The district court erred, however, in applying the two-level enhancement for obstruction of justice for Hendrickson's testimony concerning whether the civil judgment against him was void. Hendrickson testified during trial that the "Supreme Court declined to take the case and I conclude that's because it's a void judgment." (R. 81, Trial Tr., at 638). However, as the prosecutor continued the line of questioning, Hendrickson conceded that the Supreme Court never declared the judgment was void and that he was only speculating. (*Id*. at 639). Accordingly, he rescinded the statement and clarified that it was merely his opinion that the judgment was void. Viewed in the light most favorable to the defendant, *United States v. Thomas*, 272 F. App'x 479, 487 (6th Cir. 2008) (citation omitted), this statement does not constitute the type of false testimony that warrants imposition of the enhancement. *See* USSG § 3C1.1, comment. (n.2); *Boring*, 557 F.3d at 712.

Hendrickson next argues that his trial was fundamentally unfair because the presiding judge was biased against him. Hendrickson has not demonstrated plain error, *see United States v. Roach*, 502 F.3d 425, 441 (6th Cir. 2007), because he has not shown that the judge had an interest in the outcome of his case or that the judge's statements or rulings were the result of actual bias. *See Getsy v. Mitchell*, 495 F.3d 295, 311 (6th Cir. 2007).

Hendrickson next argues that the indictment was defective because it did not allege that he received wages as defined in the relevant statutes. Upon de novo review, we conclude that the indictment sufficiently alleged the elements of the charged offense and fairly informed Hendrickson that he was being charged with filing tax documents that falsely asserted that he did not receive taxable wages. *See* 26 U.S.C. § 7206(1); *United States v. Anderson*, 605 F.3d 404, 410-11 (6th Cir. 2010).

Hendrickson next argues that the district court erred by asking him prejudicial questions in front of the jury and by suggesting to the jury that he was required to prove his innocence. The district court did not plainly err by questioning Hendrickson to clarify the basis for his claim that his earnings were not taxable, *see United States v. Saenz*, 134 F.3d 697, 701-02 (5th Cir. 1998), and the record does not support Hendrickson's assertion that the district court improperly shifted the burden of proof.

Hendrickson next argues that the district court erred by denying his motion to dismiss the charges against him because his prosecution was baseless and vindictive. The district court did not abuse its discretion by denying Hendrickson's motion, because his prosecution had a valid factual and legal basis and he failed to demonstrate actual vindictiveness or a realistic likelihood of vindictiveness. *See United States v. Poole*, 407 F.3d 767, 772, 774 (6th Cir. 2005).

Finally, Hendrickson argues that he was denied the right to a speedy trial under the Speedy Trial Act and the Sixth Amendment. Hendrickson waived his speedy-trial claim under the Act because he failed to assert the claim prior to trial. *See United States v. Brown*, 498 F.3d 523, 529-30 (6th Cir. 2007). Hendrickson's claim under the Sixth Amendment fails because much of the delay was caused, at least in part, by Hendrickson's pretrial motions and at the request of his counsel, Hendrickson failed to assert his speedy-trial right, and he failed to demonstrate significant prejudice from the delay. *See id.* at 530-32.

Accordingly, we affirm Hendrickson's convictions, vacate his sentence, and remand the case for resentencing in accordance with this opinion. The motion to intervene is denied.